MONTANA TOWNSHIP, *in Labette County,* v. WILLIAM J. RUARK.

HIGHWAY — *Obstruction — Injunction, When Not Maintained.* An action cannot be maintained by a township trustee in the name of the township, restraining a road overseer of such township from preventing or interfering with the township trustee in removing an obstruction to a public highway. There is a plain and adequate remedy at law to determine whether or not an alleged public road has been legally

established, and that remedy should first be resorted to. If there was a judgment at law that the road was a public highway, and the proper officers of the township were resisted in the attempt to remove obstructions therefrom, the name and power of the state could be used by the proper legal officer to compel obedience to the judgment of the court and the mandates of the statutes.

*Error from Labette District Court.*

THE opinion contains a sufficient statement of the facts. To the petition the defendant *Ruark* filed a demurrer, which the court sustained at the May term, 1886, and rendered judgment for the defendant. The plaintiff *Township* brings the case here.

*Case & Glasse,* for plaintiff in error.

*Morrison & McCune,* and *F. H. Atchison,* for defendant in error.

Opinion by SIMPSON, C.: The controlling question is, whether the township, under the circumstances of this case, can maintain such an action. The action is one to permanently restrain the defendant, who is the road overseer of his district, from preventing or interfering with the township trustee in removing an obstruction to a public highway, located on or through the land of the road overseer, or from further obstructing the same. Conceding all that is claimed by the plaintiff in error, by virtue of § 3, ch. 153, Laws of 1871, still this action cannot be maintained, for the apparent object of the litigation is to determine the legality of the road; and for the settlement of that question there is a plain and adequate remedy at law. It is not asserted in the petition itself, or claimed by counsel, that it is an action for a violation of any of the provisions of the road law; but it does involve the legality of the road, and this must be established before any liability can be adjudged against the defendant in error. It would seem as if there was an adjudication recited in the petition, which determines that the action of defendant with respect to this road is not a misdemeanor; that, in effect,

he has not been guilty of a willful obstruction of a public highway. While it may be true that there has been no willful obstruction, it may also be true that the road has been legally established. Let that question be adjudicated by a direct action for that purpose, and the result will establish the rights of the township trustee, if he has any, and the liability of the defendant in error, if he has incurred any. If there was a judgment at law that the road was a public highway, and the proper officers of the township were resisted in the attempt to remove willful obstructions therefrom, the name and power of the state could be used by the proper legal officer to compel obedience to the judgment of the court, and the mandates of the statute, and all remedial or preventive processes could be used for that purpose. It looks to us as if there was a difference of opinion between the township trustee and the road overseer of the district, as to the legality of the road, and that each has attempted to settle the question in his favor: one, by obstructing the highway; the other, by a removal, and an attempted removal of such obstructions, and the result is that this action seems to obscure rather than make plain the real question to be determined. There is a plain and adequate remedy to determine whether or not an alleged public road has been legally established, and for obvious reasons it alone should first be resorted to.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.