[No. 1318.]

I. C. C. WHITMORE, RESPONDENT, v. CHAS. McGREGOR, ASSESSOR OF NYE COUNTY, APPELLANT.

TAXATION — SITUS OF PERSONAL PROPERTY. — The principles announced in *Barnes* v. *Woodbury*, 17 Nev. 383, and *Ford* v. *McGregor*, *ante*, as to the *situs* of personal property, consisting of live-stock, for the purpose of taxation, approved and followed.

APPEAL from the District Court of the State of Nevada, Eureka County.

A. L. FITZGERALD, District Judge.

The facts appear in the opinion.

*Rives & Beatty*, for Appellant.

*Peter Breen*, District Attorney of Eureka County, and *A. E. Cheney*, for Respondent.

By the Court, MURPHY, J.:

A number of persons named in the agreed statement of facts are residents of Eureka county, and are the owners of real estate and personal property in said Eureka county. They are engaged in teaming and freighting in said Eureka county, and have been so engaged for a number of years. It has been their custom, at the close of the teaming and freighting season of each year, to send their horses and mules into Nye county, to be fed and cared for during the winter months, or until the re-opening of the teaming and freighting season in the spring. As was their usual custom theretofore, in the month of December, 1888, the owners thereof had a number of horses and mules driven from Eureka into Nye county, there to be fed and cared for until the opening of the teaming and freighting season in Eureka county in 1889. On the fifteenth day of March, 1889, the assessor of Nye county assessed said horses and mules, claiming that said property was subject to taxation in said county for that year, and demanded immediate payment of the taxes. The owners of the property protested against the property being assessed in Nye county, and paying the taxes therein, and claimed that the property belonged in and was assessable in Eureka county. The owners of said property paid to the appellant the sum of two hundred and nineteen dollars and seventy-six cents to prevent him from selling the same. It is admitted that the horses and mules were driven back into Eureka county on the fifteenth day of April, 1889, and that the assessor of Eureka county would assess said property to the owners thereof in Eureka county for the year 1889, if not restrained by legal process. The several claims were duly assigned to respondent, and he brings this action to recover the money paid under protest.

The questions of law presented in this case are the same as in the cases of *Barnes* v. *Woodbury*, 17 Nev. 383, and *Ford* v. *McGregor*, ante 446, and on the authority of those cases the judgment appealed from is affirmed.