GEORGE E. THRALL v. WILLIAM FAIRBROTHER.

APPELLATE COURT—*Jurisdiction—Dismissal.* The pleadings and the agreed statement of facts show that the amount in controversy, and for which judgment could have been legally rendered, exclusive of costs, in the court below does not exceed $100. *Held,* That this court has no jurisdiction to hear and determine the case, and that the case must be dismissed from this court, although no question of jurisdiction was raised by either party.

MEMORANDUM.— Error from Greenwood district court; C. A. LELAND, judge. Action by George E. Thrall against William Fairbrother. From the judgment in the district court, on an appeal from the justice, plaintiff brings error. Dismissed. Opinion filed June 7, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This is a case in which the plaintiff in error, George E. Thrall, brought suit in justice's court upon two promissory notes of $50 each and interest. Judgment was rendered in justice's court in favor of the plaintiff, and an appeal taken to the district court. The case was tried in the district court upon an agreed statement of facts, in which it is admitted that the note set forth in the first cause of action was given in renewal of the note set forth in the second cause of action ; that at the time of the execution of the note set forth in the first cause of action the note set forth in the second cause of action was taken up, marked "Paid," and surrendered to this defendant in error, but the only payment of it was the execution of the note set forth in the first cause of action. It is also admitted that the note set forth in the second cause of action was given for a valuable consideration. The petition of the plaintiff below alleges that the note set forth in the second cause of action was dated November 17, 1888, and executed and delivered to the plaintiff in error upon that day, and was for $50 and due three months after date, and to draw interest at the rate of 12 per cent. after maturity. The bill of particulars in this case was filed in the justice's court on the 24th day of March, 1890, and the amount claimed

by this plaintiff in error upon each one of the counts set forth in this action was the sum of $56.25, with interest at 12 per cent.

*R. P. Kelley*, for plaintiff in error.

The opinion of the court was delivered by

DENNISON, J.: Section 542 *a* of chapter 80 of the General Statutes of 1889 reads as follows: "No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed $100." This section became a law March 20, 1889. This section also excepts certain cases, but this in not one of them. The amount in controversy in this case, as is conclusively shown by the pleadings and the agreed statement of facts upon which the case was tried, was $56.25 and interest from the 24th day of March, 1889.

Before we can review the errors complained of in this case it will he necessary for us to know that we have jurisdiction. The question of jurisdiction in this case has not been raised 'by the defendant in error, nor has he in fact made any appearance in the case or filed any brief. In the case of *Skoin v. Limerick*, 50 Kas. 465, in passing upon the question of jusisdiction where the question has not been raised by either party, the court says: "We think, however, it is the duty of this court, on its own motion, where the question is not otherwise raised, to raise the question itself and to consider the same." Following the decision laid down in this case and in the cases therein cited, we must hold that this court has no jurisdiction of this case.

The appeal will be dismissed from this court at the cost of the plaintiff.

All the Judges concurring.