JENNIE RICHARDSON AND G. B. RICHARDSON v. GREENWOOD TOWNSHIP, FRANKLIN COUNTY.

**No. 226.**

APPELLATE JURISDICTION—*court will raise question of, on its own motion.*  The absence from a proceeding in error of one of the parties of a joint judgment defeats the jurisdiction of the Court of Appeals to review any part of such judgment, and it is the duty of this court, upon its own motion, to raise such a jurisdictional question and to consider it.

Error from Franklin District Court.    Hon. A. W. Benson, Judge.    Opinion filed November 10, 1897. *Dismissed.*

*C. A. Smart* and *W. S. Jenks*, for plaintiffs in error.

*H. P. Welsh* and *F. A. Waddle*, for defendant in error.

DENNISON, P. J.    This action was commenced in the District Court of Franklin County, Kansas, by Greenwood Township in said county, as plaintiff, against G. B. Richardson, Jennie E. Richardson, and Frank Tripp, as defendants.    The petition alleged the location of a public highway and that the defendants were obstructing it, and asked that they be restrained therefrom.

The injunction was allowed, and the defendants

Richardson bring the case here for review, alleging the following :

*First*, Greenwood Township could not properly bring such action ; *second*, the court could not correct wrongs already committed ; *third*, the title to the land in dispute had never been adjudicated,— an injunction suit is not a proper action in which to try title to land.

The plaintiffs in error cite numerous authorities to sustain the first specification of error.  The case of *Montana Township v. Ruark* (39 Kan. 109), which is not cited, is conclusive upon this point, and settles also the third specification of error, and both propositions are settled in favor of the plaintiffs in error.

Having determined that the law is with the plaintiffs in error, it becomes pertinent to inquire wherein the court erred.   The petition was not attacked either by motion, demurrer, or an objection to the introduction of evidence thereunder.   The court was given no opportunity to rule upon the questions raised in the first and third specifications of error.   They are raised for the first time in the brief of the plaintiff in error. "Only such questions as have been raised and decided in the trial court will be reviewed by the Supreme Court, in a proceeding in error."  *Byington v. Comm'rs of Saline Co.*, 37 Kan. 654.

A further examination of the record satisfies us that we have no jurisdiction to review the judgment in this case.   The judgment is a joint judgment against G. B. Richardson, Jennie E. Richardson, and Frank Tripp.   The restraining order is joint, and the judgment for costs, taxed at $166.40, is joint.   Each is against all three of the defendants.   Tripp is not a party in this court.   He is neither plaintiff nor defendant, in error.   If the judgment is modified or reversed

as to G. B. and Jennie E. Richardson, the whole judgment remains against Tripp. The absence from a proceeding in error of one of the parties to a joint judgment defeats the jurisdiction of the Court of Appeals to review any part of such judgment.

The question of our jurisdiction was not raised by either party in this court, but it would seem that in jurisdictional matters it is the duty of this court, on its own motion, to raise this question and consider it. See *Thrall v. Fairbrother*, 1 Kan. App. 482; *Skoin v. Limerick*, 50 Kan. 465.

The proceedings in error will be dismissed from this court at the costs of the plaintiffs in error.