JAMES ROBINSON *et al.* v. THE MISSOURI PACIFIC RAILWAY COMPANY.

No. 13,193. (72 Pac. 854.)

SYLLABUS BY THE COURT.

JUSTICE'S COURT — *Jurisdiction of Railway Company.* A railway company that maintains only a station for the accommodation of local business in a city where a city court has been created does not reside in such city within the meaning of that provision of section 5228, General Statutes of 1901, which provides "that in any county in which a city court has been or shall be created, justices of the peace outside of the city wherein such court is located shall not have jurisdiction of cases in which any defendant resides in such city."

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 6, 1903. Reversed.

*Adrian F. Sherman,* for plaintiffs in error.
*Waggener, Doster & Orr,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This is a proceeding to reverse a judgment of the district court of Shawnee county granting a temporary injunction restraining the plaintiffs in error from enforcing the collection of a judgment obtained by them against the defendant in error by the

consideration of L. G. Disney, a justice of the peace of Topeka township, Shawnee county. The defendant was a railway corporation, and it appears from the record that its principal office in Kansas was in Wyandotte county. It had a line of road running through Shawnee county, and had stations and station agents in Topeka, Tevis, and Berryton, in said county. The justice of the peace before whom the action was brought and who rendered judgment resided outside the city of Topeka. The summons was served on the defendant's agent in the city of Topeka. The defendant did not appear at the trial. It is claimed that the defendant was a resident of the city of Topeka when the summons was served, and that inasmuch as said city had a city court, it could not be sued in Shawnee county outside the city of Topeka; that judgment rendered against it by a justice of the peace in Shawnee county outside the city of Topeka on service made within the city of Topeka was without jurisdiction.

A determination of the question depends on the construction of section 5228, General Statutes of 1901, and its application to defendant. This section reads :

"The jurisdiction of justices of the peace in civil actions shall be coextensive with the county wherein they may have been elected, and wherein they shall reside ; provided, that in any county in which a city court has been or shall be created, justices of the peace outside of the city wherein such court is located shall not have jurisdiction of cases in which any defendant resides in such city."

Did the defendant reside in the city of Topeka within the meaning of that section ? The residence contemplated by the statutes is synonymous with domicile, and means that place where the habitation is fixed and permanent. If applicable to railroad companies at all, it could only apply to the home office where its

general corporate business is conducted, not to its several stations maintained for the transaction of local business. Under the provisions of the section quoted, jurisdiction of justices of the peace is coextensive with the county wherein they may have been elected and wherein they may reside. Section 4501, General Statutes of 1901, providing for service of summons on railroad or stage companies or corporations, reads:

"Such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets or station-keeper of such company or corporation in such county."

It appears from this section that the legislature intended to confer upon a justice of the peace jurisdiction to issue original process to any part of the county in actions against such companies or corporations, and if the process should be served on any of the persons so designated within the county such court would then acquire jurisdiction of such company or corporation. This is special, and is controlling of the manner in which jurisdiction may be obtained of these corporations. As expressed by Chief Justice Kingman in *M. K. & T. Railway Co. v. Crowe*, 9 Kan. 496, 500: "This statute makes a material change in the laws as to service of process on corporations, and so far as it makes such change supersedes the provisions of the General Statutes."

It was conceded on the argument that if the original process had been served on the defendant's agent at either of its other stations in Shawnee county, such service would have given the justice of the peace jurisdiction. If that be true, then the defendant was not within the provisions of the statute. The statute is a limitation upon the power of justices of the peace outside the corporate limits of a city possessing a city

court to acquire jurisdiction of a resident of such city
by any sort of process or service.   It is as impossible
for a corporation to have two or more residences at
the same time in the same state as it is for an indi-
vidual.   The defendant in error may have a residence
in Kansas within the meaning of this section, but it
can have but one ; and if it can have such residence
it must be in the city where its general offices are lo-
cated and its corporate business conducted.   It is not
contended in this case that such general office was
maintained in the city of Topeka.   The theory ad-
vanced by the defendant in error would give it as
many residences in Kansas as there are cities possess-
ing city courts through which its lines pass.   Such
a doctrine is not maintainable.

The following cases support the conclusion we have
reached.   In *Jossey v. Georgia & Alabama Ry. Co.*, 102
Ga. 706, 28 S. E. 273, the court said :

"The business of a railroad corporation, because of
its nature, must of necessity be conducted in places other
than that fixed by its charter as the place of location
of its principal office.   While the latter place must be
the point at which the corporation as a corporate en-
tity resides, it is indispensable to its business that it
shall be enabled elsewhere to establish offices of a
purely administrative character ; and a distinction
must be taken between the principal office of a cor-
poration proper and those administrative offices.
. . ."

In *Galveston &c. Railway v. Gonzales*, 151 U. S. 496,
14 Sup. Ct. 401, 38 L. Ed. 248, the court, in discussing
the question of residence of a corporation, said :

"These cases must be regarded as establishing the
doctrine that a domestic corporation is both a citizen
and an inhabitant of the state in which it is incor-
porated ; but in none of them is there any intimation
that, where a state is divided into two districts, a cor-

poration shall be treated as an inhabitant of every district of such state, or of every district in which it does business, or, indeed, of any district other than that in which it has its headquarters, or such offices as answer in the case of a corporation to the dwelling of an individual.''

A similar question arose in the case of *Thorn v. Central Railroad Co.*, 26 N. J. 121. An action was brought in Somerset county, where the defendant railroad had an office and did business. Its general offices were in Essex county, and the question was whether the defendant was a resident of Essex or Somerset county. The court said :

"The only question is whether a railroad corporation can be said to *reside*, within the meaning of the act of the legislature, in as many counties as it happens to traverse with the road, or whether, if it can properly be said to have any residence, that residence is not to be taken to be in the county where it keeps its principal office of business ? . . . The point in question here has not been ruled in this state. But the course of legislation on the subject of corporations would seem to indicate that they are to be considered as having a residence where their office or place of business is located."

It was there held that the residence of the corporation was in Essex county.

A similar question arose in Illinois upon the taxation of property of a railroad company in *Sangamon and Morgan Railroad Co. v. County of Morgan, &c.*, 14 Ill. 163, 56 Am. Dec. 497. In that case the principal office of the company was in Sangamon county ; it had certain of its rolling-stock and other property in Morgan county. The officials of Morgan county undertook to tax this personal property, and the question arose whether it was taxable in the county of Morgan, where it was located, or in the county of

Sangamon, where the principal office of the company was located.  It was held :

"With certain qualifications, personal property follows the residence of the owner, and is there taxable. . . .  Where the owner of personal property is a corporation, such corporation will be considered to be in the state of its creation, and its residence where its principal office or place of business is."

It was held that the property was not taxable in Morgan county.

In *Jenkins v. The California Stage Co.*, 22 Cal. 538, where the question of the residence of a domestic corporation was before the court, the court said :

"The modern decisions very generally concur in giving corporations a local existence, like persons, and hold them to be properly included within the terms citizens, inhabitants, residents, and the like."

It would not be profitable or tend to elucidate the question under consideration to undertake an analysis of the numerous cases which hold that for the purpose of carrying out certain provisions of the statute corporations have been held to be residents of particular localities.  Such decisions have application only to special questions then under consideration.

It is argued here that the justice of the peace had no jurisdiction of the defendant because the return of the officer who served the process did not show on whom service was made.  This question was not raised by the petition.  It specifically challenged the jurisdiction of the justice of the peace for the reasons heretofore discussed, which were set out under subdivisions 1 and 2 of the petition.  These two paragraphs were then followed by a third, which read : "L. G. Disney, as justice of the peace, has no jurisdiction whatever over the Missouri Pacific Railway Company

or its property, and has had no jurisdiction in said case at any time."

This is not a statement of fact, but a conclusion from the facts previously stated, and evidently based upon the reason therein stated. This court cannot consider a question not based upon an allegation of fact contained in the petition.

For the reasons herein given the judgment of the court is reversed and the cause remanded.

All the Justices concurring.