STATEMENT OF FACTS.
On the 6th day of November, 1898, plaintiff in error filed with the board of county commissioners of Noble county, a petition signed by himself and sixteen others, praying the said commissioners: *Page 22 
"To locate and survey a road on the following route, viz: Commencing at the southeast corner of the city limits, thence east about thirty rods, thence southeast about eighty rods, across s. e. 1-4 of section 23, townsite 21, range 1, west, thence east along north boundary of Grace Hill cemetery to a point that intersects the section line, and I hereby waive all right or claim for damages sustained by reason of the construction of said road along said line, the public convenience demanding it."
On the 14th of November, 1899, the board of county commissioners made an order appointing viewers, who with the county surveyor should delimit the line of said road. The order directed the viewers and surveyor to meet on the 7th of December, 1899, at the point of beginning. The viewers and surveyor met as directed, and on the 2nd day of March, 1900, filed their report with the county clerk, which report was by the county commissioners accepted and adopted. A notice of the appointment of the viewers and of the proceedings to lay out said road appears to have been entered upon the record of the board, but there is nothing in the record in this case to indicate it was ever served, posted or published.
On the second day of March, 1900, plaintiff in error filed in the clerk's office, the following notice of appeal:
"To the board of county commissioners of Noble county, Oklahoma Territory:
"You and each of you are hereby notified that I have this day appealed and intended to appeal from and prosecute an appeal from the order of your honorable board made on the 21st day of February, 1900, opening a road over my farm in said above application, on the following grounds, to-wit:
"First, because said order is void in this, that said board never acquired jurisdiction to make and enter said order; second, because the notices required by law were not *Page 23 
given; third, because the said roadway has not properly been surveyed, condemned and opened as provided by law; fourth, because said board never had the power to make the order rendered and entered in said proceedings.
J. J. CUMMINGS."
On the filing of this notice and giving the appeal bond, the county clerk made return and certified the proceedings to the district court of Noble county, where on the 12th day of January, 1901, the defendant board of county commissioners filed its motion to dismiss the appeal, alleging as a reason therefor:
"That said appeal is taken by J. J. Cummings, there being no matter of a judicial nature and character involved in said appeal;
"That said J. J. Cummings in his petition expressly waived all questions of damage incurred by reason of the construction of the road prayed for in the petition for such alteration, and that part thereof which has not been altered or changed could not result in damage;
"That all grounds alleged in said appeal are negative matters based upon alleged irregularities in the proceedings upon the petition of J. J. Cummings and others."
And on the same day the plaintiff, Cummings, filed his motion to "remand this cause to the board of county commissioners with directions to set aside and vacate the order opening said road," etc.
On the 13th day of May, 1901, these motions were brought on for hearing, and the court thereupon entered the following order:
"And it appearing to the court from an inspection of the record of the proceedings had before the board of county commissioners of Noble county, that said board was without jurisdiction or authority to hear and determine the application for opening the road set out and described in the report *Page 24 
of the viewers and the county surveyor, contained in said record, and was without jurisdiction to make the order on said reports dated February 2, 1901:
"It is therefore ordered, adjudged and decreed by the court, that said order, and all proceedings of said board subsequent to the filing of said application, were and are wholly void and of no effect. It is further ordered by the court that the transcript of the record of the proceedings of the board of county commissioners be and the same is hereby remanded to the board of county commissioners for such further action in the premises, according to law, as they in their judgment shall deem to the best interest of the county. Costs taxed to the appellee."
On the same day, and immediately on entering the foregoing order, the defendant board of county commissioners moved the court to vacate and set aside the order just made, and to reinstate the said cause on the docket, and the said motion coming on to be heard, the court made the following order:
"It is therefore ordered, adjudged and decreed that the order heretofore made remanding this cause to the board of county commissioners be and the same hereby is wholly set aside, vacated and held for naught, and the said cause be and the same is hereby reinstated in said court, and placed upon the docket for trial, etc."
On the 21st day of June, 1901, the cause came on for hearing on the motion of the defendant to dismiss, and the court having heard the evidence offered by the parties on such motion, on the 29th day of June, 1901, made and entered the following order therein:
"It is therefore ordered, adjudged and decreed by the court, that this cause be and the same hereby is dismissed, at the cost of the plaintiff."
A motion for a new trial was made on the 29th day of *Page 25 
June, 1901, and overruled, and from this judgment the cause comes to this court upon error.
Opinion of the court by
The only question presented to this court for determination is whether the court below erred in dismissing the appeal from the board of county commissioners. We think not.
No disputed claim for damages had been made before the commissioners and consequently the appeal to the district court carried no question of fact to be tried or determined in that court. Indeed both parties were before the court asking to have the cause dismissed, the only difference being that the plaintiff desired to have it remanded to the commissioners with directions to set aside all the orders and proceedings of the board subsequent to the petition. Such order, the court had no authority to make on appeal from the order of the board of county commissioners in a highway proceeding. The only appeal provided for by the statutes of Oklahoma in such case is from the award of damages. If there is no question of damages in the proceedings, no appeal will lie. All other questions involved in such proceeding, must be raised by independent action, not by appeal.
So far as the record shows, no notice of the contemplated action of the board of county commissioners in laying out the road was either published or posted, as the law requires; without it the commissioners had no authority to act and their proceedings would be void, but this could not be brought to the attention of the district court by appeal, because the statute does not provide for the transfer of questions of this kind to the court by appeal. (Fulkerson v. *Page 26 Stevens et al., 1 P. 261; Kent v. Board of CountyCommissioners, 22 P. 610.)
It is contended that the court below should have remanded the case to the county commissioners with directions to vacate and set aside their former action in the premises. This the court had no power to do. It might in a proper case declare their action void, but it could not compel them so to declare, or in any other manner control or direct the exercise of their own judgment and discretion in any matter in which they are required to take action.
The judgment and order of the court below, dismissing the appeal was right, and must be affirmed.
Hainer, J., who presided in the court below, not sitting; Burford, C. J., and Pancoast, J., absent; all the other Justices concurring.