H. PARKER GRAIN COMPANY. v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

No. 13,775.    (78 Pac. 406.)

SYLLABUS BY THE COURT.

1. CORPORATIONS — *Presumption of Residence*. A bill of particulars in an action against a railway company alleged that defendant was a corporation organized and existing by virtue of the laws of the state of ——. It was shown that the company had a general office in the city of Topeka. In view of section 1293, General Statutes of 1901, which requires every corporation created, or existing, under our laws to keep a general office in the state, it will be presumed, in the absence of proof to the contrary, that the railway company was a domestic corporation.

2. JURISDICTION—*Justice of the Peace*. The proviso in section 5228, General Statutes of 1901, devests a justice of the peace of jurisdiction both of the subject-matter of an action and of the person in cases where any defendant resides in a city in which a city court has been created.

3. —— *Domestic Corporation Resides in City in Which it Has a General Office*. A domestic corporation having a general office in a city in which a city court has been created must be treated,

for the purpose of service, as a resident therein. A justice of the peace outside of said city has no jurisdiction of an action brought against such corporation.

4. ———— Not Conferred on District Court by Appeal. If jurisdiction over the subject-matter of an action be lacking in a justice of the peace, it will not be conferred on the district court by an appeal.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed November 5, 1904. Affirmed.

Sherman & Fletcher, for plaintiff in error.

M. A. Low, W. F. Evans, and Paul E. Walker, for defendant in error.

The opinion of the court was delivered by

SMITH, J. :   H. Parker and others, partners as the H. Parker Grain Company, brought an action against the Chicago, Rock Island & Pacific Railway Company, defendant in error, before L. G. Disney, a justice of the peace of Topeka township, Shawnee county, which township is situated outside of the city of Topeka. The action was brought to recover $220 as damages and a reasonable attorney's fee for failure of the company to deliver a stated amount of wheat shipped by plaintiffs below over the road. The return of the constable recited that a certified copy of the summons was served on the railway company by delivering it to its chief clerk at Topeka, Kan. Judgment was rendered by default against the railway company by the justice of the peace, it having made no appearance on the return-day of the summons. Within ten days the company filed an appeal bond.

A motion was made in the district court by the railway company to dismiss the action, supported by an affidavit of its superintendent. There was no other

evidence introduced on the hearing. The district court sustained the motion and dismissed the action, of which ruling plaintiffs in error complain.

The transcript of the justice sent to the district court contains a copy of the bill of particulars, in which defendant below was alleged to be a corporation "organized and exisiting under and by virtue of the laws of the state of ———." There is nothing in the motion to dismiss, or in the affidavit, showing that the railway company was a foreign corporation. Counsel for plaintiff in error assert in their brief that it was admitted on the hearing that the Chicago, Rock Island & Pacific Railway Company was a foreign corporation. It does not appear so from the record. The affidavit filed to support the motion to dismiss shows that at the time the action was begun the railway company did not keep or maintain any depot, office, agency or place of business in Topeka township; that it had its general offices, west of the Missouri river, in the city of Topeka; that it had a local superintendent of repairs, four freight agents, three agents to sell tickets, and a station-keeper, all of whom resided in the city of Topeka; that it operated its road into and through the city of Topeka, and carried on a general railroad business in said city, and maintained three depots therein for the transaction of business.

We must presume from the allegations of the bill of particulars and the showing in the affidavit used on the motion to dismiss that defendant in error was a Kansas corporation, created under the laws of this state. Section 1293, General Statutes of 1901, requires that every corporation created or existing under the laws of Kansas shall keep a general office within the state, and, in the case of a railway corporation, it

Parker v. Railway Co.

shall have such general office on or near the main route of its road mentioned in its charter, at which the office of the superintendent and other officers and agents mentioned, with the books, shall be kept. In the absence of evidence to the contrary, we must presume that the railway company conformed to the requirements of this statute when it established a general office in Topeka, which requirement applies to domestic corporations only. The maintaining of a general office in this state, enjoined by the statute under penalty of forfeiture, aids the presumption that the corporation was created under our laws, if any such aid be needed. It was not shown that defendant in error maintained a station at any place outside the city of Topeka. Section 5228, General Statutes of 1901, reads :

"The jurisdiction of justices of the peace in civil actions shall be coextensive with the county wherein they may have been elected, and wherein they shall reside ; provided, that in any county in which a city court has been or shall be created, justices of the peace outside of the city wherein such court is located shall not have jurisdiction of cases in which any defendant resides in such city."

A city court existed in Topeka when the action was brought. The proviso in the above section devests a justice of the peace outside of a city of jurisdiction over the subject-matter involved in cases where any defendant resides in a city in which a city court has been established, and also over the person of a party defendant in such suit. He cannot act in such cases, nor render a valid judgment. If the justice had jurisdiction over the subject-matter of the action, the filing of an appeal bond by the railway company would have given him jurisdiction over the person of de-

fendant, even though no summons had been served. (*Haas v. Lees,* 18 Kan. 449.)

The district court had appellate jurisdiction only. If jurisdiction over the subject-matter of the action was lacking in the justice of the peace, it was not conferred on the district court by the appeal. (*Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 631; *Ball v. Biggam,* 43 id. 327, 23 Pac. 565.)

The only question remaining is whether the railway company was to be regarded as a resident of the city of Topeka. If so, the action was rightfully dismissed. The evidence heard on the motion did not show that the railway company had what might be called a residence elsewhere in the state of Kansas. In *Robinson v. Railway Co.,* 67 Kan. 278, 281, 72 Pac. 854, it was decided that the residence of a railway corporation for the purpose of service under section 5228, General Statutes of 1901, is that place where its habitation is fixed and permanent. In the case cited an action was brought against the Missouri Pacific Railway Company before this same justice of the peace, and service had on an agent of the company in Topeka. The principal office of the company was in Wyandotte county. The court said:

"The defendant in error [railway company] may have a residence in Kansas within the meaning of this section [§ 5228, *supra*], but it can have but one; and if it can have such residence it must be in the city where its general offices are located and its corporate business conducted. It is not contended in this case that such general office was maintained in the city of Topeka."

If the Rock Island company did not have a general office in Topeka, but did have one elsewhere in Shawnee county, or in any other county in the state, service obtained on it anywhere in Shawnee county in

accordance with section 4501, General Statutes of 1901, would have given the justice of the peace jurisdiction. Under the showing made in the court below, the railway company must be treated as having been a resident of Topeka at the time the summons was served.

The order of the district court dismissing the case is affirmed.

All the Justices concurring.