No. 37,414

Benjamin E. Kowing et al., *Appellees*, v. The Douglas County Kaw Drainage District, *Appellant*.

(207 P. 2d 457)

Opinion filed June 11, 1949.

*Charles D. Stough,* of Lawrence, argued the cause, and *J. B. Wilson,* of Lawrence, was with him on the briefs for the appellant.

*Forrest A. Jackson,* of Lawrence, argued the cause and was on the briefs for the appellees, except Seymour Gentry and Bertha B. Gentry.

The opinion of the court was delivered by

Harvey, C. J.: This was a proceeding under G. S. 1947 Supp. 24-498, by which the above named appellees, as petitioners, sought to have their lands detached from the appellant drainage district. The district was organized in 1935 under the drainage act of 1905 as amended (G. S. 1935, 24-401 *et seq.*), and improvements have been made therein. In October, 1947, appellees filed their petitions with the board of county commissioners, which alleged the above facts and in which they asked to have their respective lands detached and removed from the drainage district "because such lands are being harmed and damaged and not benefited by improvements made by such drainage district, and in addition thereto said land is being taxed to pay for such improvements which are causing such

harm and damage." Notice was given, as required by statute, and after a hearing the county commissioners in due time "ordered, adjudged and decreed that the petitions . . . to detach land from The Douglas County Kaw Drainage District, should be and are hereby allowed, and the land hereinafter described be and is hereby detached from The Douglas County Kaw Drainage District, effective March 1, 1948, subject, however, to be taxed for the purpose of paying any outstanding bonded indebtedness of said Drainage District and the interest thereon, until such indebtedness has been retired."

From this order the drainage district appealed to the district court. The petitioners moved to dismiss the appeal on the ground, among others, that the court did not have jurisdiction to hear and determine the appeal. The court denied that motion, and in doing so expressed great doubt of the court's jurisdiction, but prudently heard the matter *de novo* in order that this court, if an appeal should be taken from its ruling, should have the whole matter before it. After hearing the evidence and the argument of counsel the court made the following finding and rendered judgment in harmony therewith:

"The Court finds that all the facts, statements, allegations and averments contained in the petitions are true and correct; that there might be some slight possible benefit come to a part of the land hereinafter described, in the future, but that during the existence of the Drainage District up to the present time, such land has been harmed and not benefited; that the findings, conclusions and judgment of the Board of County Commissioners of Douglas County, Kansas, allowing said petitions are correct and that said lands should be detached from said Drainage District."

From this judgment the drainage district has appealed and contends: (1) That the statute is invalid for various reasons; (2) that the evidence is insufficient to support the judgment; and (3) that the order of the board of county commissioners is not supported by sufficient findings.

The statute in question (G. S. 1947 Supp. 24-498) reads:

"That where any lands have been included in a drainage district organized under the drainage act of 1905 or acts amendatory thereof or supplemental thereto and such lands have been harmed and not benefited by improvements made by such drainage district, the owners of such lands may file a petition with the board of county commissioners, describing the lands and naming the owners thereof and asking that such lands be detached from the drainage district. Upon the filing of such petition, the board of county commissioners shall fix a time and place for a public hearing on such petition and shall give

notice thereof by one publication in the official county paper at least five and not more than ten days before the date fixed for such hearing. At such hearing all persons in favor and opposed to such petition shall be given an opportunity to be heard. At or within ten days after such hearing the board of county commissioners shall enter an order allowing or denying such petition. In the event the board shall allow such petition and order the lands detached from the drainage district, such detachment shall be effective as of the first day of March next following such order: *Provided,* That if such drainage district has outstanding any bonded indebtedness at the time such detachment of territory becomes effective, the lands so detached shall continue to be taxed for the purpose of paying such bonds and the interest thereon until the same have been retired."

Clearly it pertains to the drainage act of 1905 and became a part of the general law dealing with that act, which in sections G. S. 1935, 24-401 to 24-405, authorized the board of county commissioners to incorporate and organize a drainage district upon petitions presented to the board; provided for the hearing of those petitions, for the fixing of the time and place for such hearing, and how the hearing should be conducted. The statute in question deals with a matter not in the act of 1905, namely, that of detaching from the district lands which had not been benefited but in fact injured by the improvements made in the benefit district. The procedure for having that done follows substantially the procedure for organizing the district, that is, by petition to the board of county commissioners, a hearing upon the petition, and the fixing of the time and place for the hearing. Appellant's contentions are that this procedure is invalid because the landowners, who alleged their lands within the district have not been benefited but have been damaged by the improvements made in the district, may sign such a petition; that the time of the hearing and notice to be given therefor are insufficient as a matter of law, and that the authority given to the board of county commissioners did not afford due process and is therefore unconstitutional. These contentions are without substantial merit. There was no contention at the time of the hearing before the board of county commissioners that there was any defect in the petition, or that the petitioners were not authorized to file such petition, or that the time fixed for the hearing or the notice thereof was inadequate to give all parties an opportunity to be heard. There is no contention now that any party who desired to be heard did not have an opportunity to do so. From the record it appears that everyone was satisfied with the procedure at that time.

There is no cross-appeal and appellant argues we cannot consider the motion to dismiss the appeal in the district court. The point is not well taken. This court must always look to its own jurisdiction even though the question is not raised by either party. (*Skoin v. Limerick*, 50 Kan. 465, 31 Pac. 1051; *Thrall v. Fairbrother*, 1 Kan. App. 482, 40 Pac. 815; *Vrooman Co. v. Summer*, 110 Kan. 662, 205 Pac. 609; *Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401; *In re Estate of Pallister*, 159 Kan. 7, 9, 152 P. 2d 61; *In re Estate of Dix*, 161 Kan. 364, 168 P. 2d 537; *Asendorf v. Asendorf*, 162 Kan. 310, 176 P. 2d 535; *Pulliam v. Pulliam*, 163 Kan. 497, 498, 183 P. 2d 220.)

If the district court had no jurisdiction of the subject matter of the appeal to it this court could not acquire such jurisdiction by an appeal from the ruling of the district court. We cite a few of the many cases upon this point: *Auditor of State v. A., T. & S. F. Railroad Co.*, 6 Kan. 500; *Wagstaff v. Challiss*, 31 Kan. 212, 1 Pac. 631; *Ball v. Biggam*, 43 Kan. 327, 23 Pac. 565; *Armour v. Howe*, 62 Kan. 587, 64 Pac. 42; *Parker v. Railway Co.*, 70 Kan. 168 (Syl. 4), 78 Pac. 406; *Silven v. Osage County*, 76 Kan. 687, 92 Pac. 604; *McCracken v. Wright*, 159 Kan. 615, 157 P. 2d 814; *In re Estate of Crump*, 161 Kan. 154, 166 P. 2d 684.

In this state an appeal is not a matter of right, but is governed by statute (Const., art. 3, §§ 5, 6). In *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 649, 274 Pac. 233, it was said:

"It has been determined that there is no vested right in an appeal, and appeals which had previously been allowed may be limited by later legislation or entirely withdrawn. (*Coal Co. v. Barber*, 47 Kan. 29, 27 Pac. 114; *Kansas City v. Dore*, 75 Kan. 23, 88 Pac. 539.)"

Other cases to the same effect are *Kent v. Comm'rs of Labette Co.*, 42 Kan. 534, 22 Pac. 610; *Coffman v. Hall*, 107 Kan. 188, 190 Pac. 761; *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.*, 135 Kan. 450, 452, 10 P. 2d 893; *Allen v. Glitten*, 156 Kan. 550, 134 P. 2d 631. This list is not intended to be complete, but we deem it ample to sustain the rule which we regard as well settled in this state, that an appeal to this court, or to the district court, may be taken only in those cases for which some provision therefor has been made by statute. The statute here in question (G. S. 1947 Supp. 24-498) makes no provision for an appeal from the order of the board of county commissioners to the district court. We conclude, therefore, that the drainage district had no right to appeal to the

district court and that the motion to dismiss the appeal should have been sustained.

There is another reason, if one is needed, for the same result. It is the general rule that the creation, enlargement, or diminution of political districts or municipal corporations is a legislative function properly to be determined by a legislative body rather than by the court. By our constitution (Art. 2, § 21) the legislature may confer upon the board of county commissioners such power of local legislation and administration as it shall deem expedient. By the statute in question the legislature did confer upon the board of county commissioners the authority granted by the statute in question. Normally there is no appeal to the courts from the legislative action of the legislative body. This question is discussed at some length in *State, ex rel., v. Drainage District*, 123 Kan. 191, 254 Pac. 372, and cases there cited. See, also, annotation in 69 A. L. R. 266 and 28 C. J. S. 315. The authority given under the statute in question is the same type of authority as is given to the board of county commissioners for the organization of the drainage district under the drainage act of 1905 (G. S. 1935, 24-401 to 24-405). Examining our decisions annotated under those sections it will be noted that none of them is an appeal from the order of the board of county commissioners creating the district. In any of the cases where the organization was questioned the action was brought by the state on the relation of the county attorney or attorney general. But we need not pursue this point further.

As previously indicated, we find nothing wrong with the judgment of the trial court if it had jurisdiction to try the case. Our conclusion, however, requires that the appeal here be dismissed with directions to the trial court to set aside its judgment and dismiss the appeal from the board of county commissioners. It is so ordered.