THE STATE OF KANSAS, ex rel. John S. Dawson, as Attorney-general, etc., *Appellant,* v. FRANK H. DAVIS et al., as Administrators, etc., *Appellees.*

No. 18,451.

SYLLABUS BY THE COURT.

1. INHERITANCE TAX—*Two Jurisdictions—Double Taxation—Construction of Statute.*   Where a statute is open to either construction, one preventing the exaction of an inheritance tax upon the same property in two jurisdictions should be favored over one having the contrary effect.

2. ―――― *Same.*   A provision of a statute that an inheritance tax (otherwise collectible upon property situated in this state, owned by the resident of another state at the time of his death) shall not be exacted where a similar tax has been paid in the state of the decedent's residence, provided the laws of that state contain a like exemption, applies in any case where no such tax would be imposed by such laws upon similar property there situated, owned by a resident of Kansas at the time of his death, however much the two exemptions may otherwise differ.

3. ――・―― *Tax Paid in New York—Exempts Same Property in Kansas.*   The Kansas statute provides in substance that ordinarily an inheritance tax shall be collected with respect to property in this state owned by the resident of another state at the time of his death; but that if a similar tax has been paid in such other state it will not be exacted here, provided a like exemption is made by the laws of such other state in favor of estates of citizens of this state.   The laws of New York provide in substance that upon the death of a nonresident of that state owning property having a situs there,

54—88 KAN.

an inheritance tax shall be collected in all cases upon such of it as is tangible, and in no case upon any of it that is intangible, including in that term stock of a corporation. *Held*, that where a resident of New York dies owning stock in a Kansas corporation, the fact that an inheritance tax has been paid thereon in New York is a bar to the collection of one here.

Appeal from Shawnee district court, division No. 1. Opinion filed February 8, 1913. Affirmed.

*John S. Dawson*, attorney-general, and *F. P. Lindsay*, special assistant attorney-general, for the appellant.

*Ferry, Doran & Dean*, of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: A resident of New York died while owning stock in a corporation organized under the laws of Kansas. Action was brought in this state against his administrators to compel the payment of an inheritance or succession tax upon the transfer of the stock. Judgment was rendered in their favor, and the state appeals.

Where a resident of another state dies owning property in Kansas, our statute ordinarly requires the payment of a succession tax here. If, however, the laws of the state of his residence impose a tax of like character and of equal or greater amount, which has actually been paid, no payment is required here, provided the laws of that state make "a like exemption . . . in favor of estates of citizens of this state." (Gen. Stat. 1909, § 9266.) Shares of stock are regarded as situated in the state of incorporation. (37 Cyc. 1562.) The stock here involved was subject to a tax of like character in New York, which was duly paid, to an amount greater than that claimed here. Upon the death of a nonresident of that state owning property there, whether or not it is liable to a succession tax

elsewhere, a tax is collected on account of the tangible property, but none is exacted with respect to that which is intangible, including corporate stock. The sole question in dispute is whether this condition of the New York law amounts to "a like exemption" to that of the Kansas statute.

The section of the Kansas statute on the interpretation of which the controversy turns, reads as follows:

"Property of a resident of the state, which is not therein at the time of his death, shall not be taxable under the provisions of this act if legally subject in another state or country to a tax of like character and amount to that hereby imposed: *Provided,* Such tax be actually paid, guaranteed or secured in such other state or country. If, however, such property be legally subject in another state or country to a tax of like character but of less amount than that hereby imposed, and such tax be actually paid, guaranteed or secured as aforesaid, such property shall be taxable under this act to the extent of the excess for which such property would otherwise be liable hereunder over the tax thus actually paid, guaranteed or secured. Property of the estate of a nonresident decedent, which is situated in the state at the time of his death, if subject to a tax of like character with that imposed by this act by the law of the state or country where decedent had his residence, shall be subject only to such portion of the tax hereby imposed as may be in excess of such tax imposed by the laws of such other state or country: *Provided,* That a like exemption is made by the laws of such other state. or country in favor of estates of citizens of this state, but in such cases no exemption shall be allowed until the tax provided for by the law of such other state or country shall be actually paid, guaranteed or secured in accordance with law." (Gen. Stat. 1909, § 9266.)

The first part of the section relates to the taxing of property in other states owned by a resident of this state at the time of his death. If a succession tax is collected in the state where the property is located, it.

is waived here, irrespective of what would be the rule of the other state if the conditions were reversed. This provision is for the benefit of residents of this state. Whether other states legislate in a similar way for the advantage of their citizens does not affect the matter. The second portion of the section relates to the taxing of property in this state owned by a resident of another state at the time of his death. If a succession tax is collected in the state of the decedent's residence, it is waived here only in case the laws of that state make a like exemption in favor of the estates of citizens of this state.

The New York statute relating to an inheritance tax, so far as here important, reads as follows:

"A tax shall be and is hereby imposed upon the transfer of any tangible property within the state and of intangible property, . . . in the following cases: . . .

"1. When the transfer is by will or by the intestate laws of this state of any intangible property, or of tangible property within the state, from any person dying seized or possessed thereof while a resident of the state.

"2. When the transfer is by will or intestate law, of tangible property within the state, and the decedent was a nonresident of the state at the time of his death." (3 Laws of New. York, 1911, ch. 732, § 1.)

This statute defines intangible property as including stock in a corporation. Its operation is not affected by the laws of any other state. Upon the death of a resident of New York a tax is imposed upon all of his intangible property, wherever located, and upon such of his tangible property as is there situated; but none is exacted with respect to his tangible property outside of the state. Upon the death of a nonresident of the state of New York owning property there (and this is the phase of the law the effect of which we are now required to determine) a tax is exacted only with respect to such of it as is tangible. A state may impose a tax

upon the intangible property of a nonresident which has a situs within its borders, notwithstanding a similar tax has been lawfully charged and collected elsewhere. (*Blackstone v. Miller,* 188 U. S. 189, 47 L. Ed. 439; *People v. Union Trust Co.,* [Ill. 1912] 99 N. E. 377.) The state of Kansas declines to exercise this power against the resident of a state which grants a similar exemption as to citizens of this state. The state of New York, with respect to property having a situs there, owned at the time of his death by a nonresident, declines in any event to exercise its right to impose a tax where the property is intangible, but in all cases exercises the right where it is tangible. Does this amount to the granting of a like exemption to that of the Kansas statute, for the purpose of the present case? The exemptions are not wholly alike, yet they have something in common. They are alike in the sense that if the conditions were reversed—if a resident of Kansas had died owning stock in a New York corporation—no tax would be exacted by the laws of that state. The New York exemption is more liberal than that of Kansas in that its benefits are not restricted to the residents of states which reciprocate the comity; it is less liberal in that it does not extend to tangible property.

The meaning intended by the legislature is not entirely clear. There is room for construction. The situation is peculiarly one for the invocation of any just rules of interpretation which are applicable. Several courts have held that the language of a statute imposing a succession or inheritance tax is to be strictly construed against the government, and liberally in favor of the taxpayer. (37 Cyc. 1556; 27 A. & E. Encycl. of L. 340; Blakemore and Bancroft on Inheritance Taxes, p. 32; Note, 127 Am. St. Rep. 1052.) As said in the note just cited, no good reason seems to be given for this rule, and none is apparent, except perhaps to the extent that a purpose to require an in-

dividual to contribute to the public expense ought to be expressed with reasonable clearness. There is force however in the suggestion made in behalf of the defendants, that double taxation—the imposition of a like tax with respect to the same property in each of two jurisdictions—although not repugnant to any principle of constitutional law, is so contrary to natural justice, that a purpose to exact it ought not to be imputed to the legislature in any doubtful case. The desire to avoid double taxation is evident in this act as well as in those of most states that have legislated in the matter. As said in Dos Passos on Inheritance Tax Law, 2d ed., p. 187: "On grounds of policy and comity . . . the rule has been not to impose what would be, in effect, a double tax on nonresidents' estates, where it can possibly be avoided."

We think the spirit of the Kansas act is that where property in this state owned by a nonresident at the time of his death has been subjected to an inheritance tax in the state of his residence, a similar tax ought not to be required here, except in cases where if the conditions were reversed, and a nonresident of this state had died owning the same character of property in the other state, a payment there would be exacted. That spirit is effectuated by considering that the exemption of the Kansas statute operates for the benefit of the estate of a resident of any other state, the law of which would not exact an inheritance tax with respect to similar property in that state, owned by a resident of Kansas at the time of his death, no matter how dissimilar the statutes may otherwise be. In other words, the exemption made by the laws of another state is to be regarded as like that of the Kansas statute, in any circumstances in which, if the conditions were reversed, it would have a like operation.

The section above quoted from the Kansas act is substantially the same as one found in the Massachusetts statute of 1907 (Acts, 1907, ch. 563, § 3).

This was amended in 1909 (Acts, 1909, ch. 490, Part IV, § 3) and in 1911 (Acts, 1911, ch. 502, § 1) but not so as to change the effect of the reciprocal provision. We are not aware of any judicial interpretation of its language, but the authors of one of the textbooks already cited express the opinion that the statute of New York brings that state within its operation. (Blakemore and Bancroft on Inheritance Taxes, pp. 483, 563.) At page 483 it is said:

"The Kansas statute contains the same reciprocal clause for avoiding double taxation that is found in Massachusetts. . . . Property of a nonresident in Kansas, including stock wherever situated in a Kansas corporation, will not be taxed (except for the difference if Kansas rates are higher) if owned by a resident of a state which extends similar courtesies to residents of Kansas. Massachusetts, Maine, Vermont and New York seem to be the only states that do so."

The judgment is affirmed.