No. 21,051.

THE STATE OF KANSAS, ex rel. H. O. CASTER, as Attorney for the Public Utilities Commission, etc., *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

INHERITANCE TAX — *Transfer of Stock in Domestic Corporation — Statute Repealed—"Saving Clause" Construed.* In 1912 a Kansas statute was in force imposing a tax upon legacies and successions, which contained a provision that if a domestic corporation should record a transfer of its stock by a foreign executor before the payment of the tax thereby required, it should be liable therefor. In that year a nonresident died whose will disposed of stock in a Kansas corporation. In 1913 the statute was repealed with no qualification except that found in the general saving clause which preserves "any right which accrued" and "any duty imposed" by virtue thereof. The tax has never been paid. In 1916 the stock was presented to the corporation and its transfer to the legatees was recorded. The state brought an action against the corporation for the amount of the tax. *Held:*

(1) The obligation of the executor and legatees to pay the tax, and the right of the state to demand it of them, survived the repeal of the statute.

(2) The action can not be maintained against the corporation, because the right of the state to look to the corporation to refuse (at such time in the future as its action should be invoked) to record the transfer of the stock while the tax remained unpaid was not at the time of the repeal an accrued right within the meaning of the saving clause; and the obligation of the corporation in that regard had not then become a "duty imposed."

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed February 10, 1917. Affirmed.

*S. M. Brewster*, attorney-general, *John L. Hunt*, assistant attorney-general, and *W. P. Montgomery*, special assistant attorney-general, for the appellant.

*William R. Smith*, of Topeka, and *Robert Dunlap*, of Chicago, Ill., for the appellee.

The opinion of the court was delivered by

MASON, J.: Ida A. Stevens, a resident of Florida, died October 12, 1912, owning fifty shares of the capital stock of the Atchison, Topeka & Santa Fe Railway Company, which she bequeathed to her brother and sister. The Kansas statute which was in force at that time imposed a tax upon the succession to the property, and provided that if in that situation a domestic corporation should record a transfer of its stock by a foreign executor before the payment of the tax, it should be itself liable therefor. (Gen. Stat. 1909, § 9278.) The tax has never been paid. On January 25, 1913, the entire statute was repealed without any substitute being provided, and without any special saving clause. (Laws 1913, ch. 330, § 1.) On February 11, 1916, the railway company recorded a transfer of the stock from the executor of the will to the legatees. The state at once brought an action against it to recover the amount of the tax. A demurrer to the petition, which stated these facts, was sustained, and the state appeals.

1. The question presented is whether the power to enforce the collection of the tax in this manner was preserved by the general saving clause of the statute, which reads:

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed." (Gen. Stat. 1915, § 10973.)

No proceeding for the enforcement of the tax had been begun at the time the statute was repealed. If the obligation imposed upon a corporation to pay the tax where its stock is acquired by will or descent, in case it records a transfer while it remains unpaid, is regarded as a penalty, it can not be considered as one that had been incurred prior to the repeal, for it could not be in fault until the stock was presented for transfer, and this did not take place until later. Therefore if the claim sued upon exists it must be by reason of a right which had accrued to the state, or a duty which had been imposed upon the company, prior to February 11, 1916. A present right may exist to require, as a present duty may exist to perform, an act in the future the scope of which is not exactly defined, a familiar illustration being found in the

relations of the parties to an unmatured contract obligation to pay, absolutely or upon condition, a sum of money to be subsequently ascertained in a fixed manner.  Here in a certain sense a right accrued to the state as early as the admission of the will to probate, to demand of the persons liable therefor the amount of the tax as it should thereafter be determined, and to enforce its collection by all the means provided by the statute, including the right to look to the corporation to refuse, at such time as its action should be invoked, to give effect to the transfer of the stock in accordance with the will, unless the tax had been paid, or at its option to assume the burden itself.  In the same sense it may be said that at that time a corresponding duty was imposed upon the company with respect to its conduct whenever occasion to act in the matter should arise.  The precise question for consideration is whether in this connection a right can be regarded as having accrued to the plaintiff, or a duty can be regarded as having been imposed upon the defendant, before an opportunity for action had been presented, and before any official determination had been made of the liability of any one.

The unqualified repeal of a statute does not affect property rights that have already vested under it.  They are beyond the reach of the legislation.  The field of action of a saving clause is to prevent the loss of inchoate rights and the release of imperfect obligations.  (*Hertz v. Woodman*, 218 U. S. 205.) Legacy or succession taxes which have become due may be collected after the repeal of the statute on which they are based.  (37 Cyc. 1558; Note, 8 L. R. A., n. s., 1210.)   In the federal supreme court case above cited it was held (three justices dissenting) that a succession tax, although not "due and payable" when the act authorizing it was repealed, had been "imposed" and had become a "liability incurred" within the meaning of saving clauses employing those terms, at the moment the beneficiary became entitled to the immediate possession and enjoyment of the legacy.  In earlier cases under somewhat similar circumstances it had been said: "It is manifest that the right does not accrue until the duty can be demanded, that is, when it [the tax] is made payable." (*Clapp*

*v. Mason,* 94 U. S. 589, 592; *Mason v. Sargent,* 104 U. S. 689, 693.) In the later decision the earlier ones were distinguished by reason of differences in the facts and in the statutes considered.

We think it fairly clear upon reason and authority that in the present case the right to enforce the tax against the legatees is preserved by the statute. The circumstance that at the time of the repeal they had not actually come into the possession of the property is of course not important. The will gave them a right to it. That right might have been defeated if the estate had turned out to be insolvent. The fact of its solvency existed at the time the statute was repealed, even if no court had yet declared it, and the subsequent determination of the matter operated to confirm the title given by the will, not to create a new one. In *McCoach v. Pratt,* 236 U. S. 562, the refunding of a tax collected from a legatee was upheld, because of the repeal of the statute imposing it, after the testator's death, and before the time had expired for presenting claims against the estate, and consequently before it was determined that the legacy could be paid. But that case arose under an act of congress passed prior to the time the repeal became effective, requiring the refund of such taxes " 'as may have been collected on contingent beneficial interests which shall not have become vested prior to' " that time, and providing that no tax should thereafter be assessed or imposed " 'in respect of any contingent beneficial interest which shall not become absolutely vested in possession or enjoyment' " (p. 566) prior to the date named. The decision was based on the language quoted, and was to the effect that a right under the legacy was "contingent" within the meaning of the statute, and did not become "absolutely vested in possession or enjoyment" until it was ascertained that after the payment of the debts of the estate there would be a sufficient residue to meet it. Here the amount of the tax was required to be determined by the tax commission. (Gen. Stat. 1909, §§ 9281, 9282.) The state's right to the tax, however, can not be said to be derived from the commission's action. That is a mere step in the collection. The right to the tax may exist although the amount has not been ascertained, just as it may exist prior to the time fixed for payment.

2. The relations between the state and the executor and legatees are obviously quite different, however, from those between the state and the defendant. The corporation has no connection with the tax except as it was made a means (very efficient and necessary) for compelling its payment, by the section of the statute reading:

"If a foreign executor, administrator or trustee assigns or transfers any stock in any national bank located in this state or in any corporation organized under the laws of this state owned by a deceased nonresident at the date of his death and liable to a tax under the provisions of this act, the tax shall be paid to the county treasurer of the proper county at the time of such assignment or transfer; and if it is not paid when due, such executor, administrator or trustee shall be personally liable therefor until it is paid. A bank located in this state or a corporation organized under the laws of this state which shall record a transfer of any share of its stock made by a foreign executor, administrator or trustee, or issue a new certificate for a share of its stock at the instance of a foreign executor, administrator or trustee, before all taxes imposed thereon by the provisions of this act have been paid, shall be liable for such tax in an action of contract brought by the county attorney of the proper county or the attorney-general in the name of the state and at the instance of either the probate court or the tax commission." (Gen. Stat. 1909, § 9278.)

Where a right is preserved after the repeal of the statute creating it, ordinarily the procedure for its enforcement must also be saved in order to make its preservation effective, unless other methods for its enforcement are provided. However, when the statute under consideration was repealed the state had no right to require of the corporation any act, and the corporation owed the state no duty which was capable of performance at that time, or which there was any certainty of its ever being called on to perform. To speak of the privilege of the state to invoke the aid of the corporation in collecting the tax, should occasion ever arise, as an accrued right, or of the corporation's obligation to respond, if it should be called upon, as a duty imposed, seems hardly within the usual and ordinary significance of the language used. The situation is not one in which much help is to be had from the authorities. Little light can be derived from decisions construing statutes preserving "rights of action," which is a narrower term than "accrued rights," or "accruing" rights, which is broader.

The right saved by the statute must be a right of substance

rather than of mere procedure. "The statute providing rules for the construction of statutes contains no provision for the saving of a remedy or former procedure." (*Milbourne v. Kelley,* 93 Kan. 753, 756, 145 Pac. 816.) A statute reducing the time within which an appeal may be taken is held in this state to apply to a judgment rendered before the change was made (*Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539; *Bowen v. Wilson,* 93 Kan. 351, 144 Pac. 251), although elsewhere explicit language is required to produce that effect (3 C. J. 1042; Note, 51 L. R. A., n. s., 760). The difference in the application of the rule which distinguishes between substantial and procedural rights is illustrated by the fact that in Florida a mechanic's lien is not regarded as a "right accrued" within the meaning of that phrase in a saving clause, while here such a lien is considered as a vested right of which the claimant is not deprived even by an unqualified repeal of the statute under which it arose (*Weaver v. Sells,* 10 Kan. 609) — a matter as to which the decisions elsewhere are in conflict (*Wilson v. Simon,* 91 Md. 1) — although the lien must be enforced according to the law in force when the proceedings are had for that purpose (*Nixon v. Cydon Lodge,* 56 Kan. 298, 43 Pac. 236).

In *Hewitt v. Wilcox,* 42 Mass. 154, a saving clause providing that a repeal should not affect "any act done, or any right accruing, or accrued" (p. 156), was held not to preserve a defense to an action for services rendered by an unlicensed physician at a time when the statute, which was afterwards repealed, forbade his recovery.

In *Collins v. Warren,* 63 Tex. 311, a provision that no remedy to which a creditor was entitled under a law should be impaired by its repeal was held not to authorize an action for the breach of a bond that occurred after the law had been repealed.

In *Town of Wirt v. Board of Sup'rs,* 35 N. Y. Supp. 887, the right of a town to require the county to contribute to the cost of bridges was held not to survive a statute, in effect when they were built, requiring such contribution, notwithstanding a provision that the repeal should not " 'affect or impair any act done or right accruing, accrued or acquired' " (p. 891) prior thereto.

In *Cushman v. Hale,* 68 Vt. 444, a statute providing that a portion of certain fines should go to the prosecutor was repealed after a conviction had been had, and while an appeal was pending. It was held that the repeal destroyed the prosecutor's claim to any part of the fine, in spite of a saving clause similar to that last quoted from, the court saying: "It is only a *right,* whether accruing, accrued, acquired, or established, that is saved. Expectations and anticipations are not saved." (p. 458.)

In *Abbott v. Minister for Lands,* App. Cas. Law Rep. 1895, 425, the privy council decided that the repeal of a statute providing that a holder of land in New South Wales granted by the crown might make conditional purchases of adjoining crown land without residence otherwise required therefor, deprived such an owner of the unexercised privilege referred to, notwithstanding that "rights accrued" were saved. It was there said, in effect, that the power to take advantage of a statute might without impropriety be termed a "right," but that it was not a "right accrued."

The theory that any exceptional strictness is to be employed in interpreting a statute imposing a tax is of at least doubtful soundness. (*The State, ex rel., v. Davis,* 88 Kan. 849, 129 Pac. 1197.) The object in view is to arrive at the real intention of the legislature. The obligation sought to be enforced against the defendant is of such an unusual nature that a legislative purpose to impose it ought not to be readily inferred from doubtful language. The refusal of a domestic corporation to recognize the transfer of its stock by a foreign executor without the succession tax having been paid is not in the ordinary sense a part of the procedure for the collection of the tax. It is a duty laid upon a stranger to the transaction because it happens to be in a situation to aid the state. While the statute describes as contractual the liability which arises in case the stock is transferred without the payment of the tax, it is essentially a penalty for a failure to take advantage of the opportunity to assist in its collection. We conclude that a purpose to hold the corporation to the performance of the service referred to after the repeal of the statute imposing the tax is not indicated with sufficient clearness to justify the court in basing a liability on its omission.

Questions have been suggested with respect to the validity of the statute, which it is unnecessary to consider in view of the conclusion reached.

The judgment is affirmed.