ESTATE OF UIHLEIN : STATE, Appellant, vs. WESTPHAL, Special Administrator, Respondent.

*September 12—October 16, 1945.*

For the appellant there were briefs by the *Attorney General, Harold H. Persons,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *John M. Niven,* public administrator for Milwaukee county, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondent there was a brief by *Leekley & Williams* of Milwaukee, and oral argument by *Allen W. Williams* and *John Leekley.*

FAIRCHILD, J.    Sec. 72.01 (9), Stats., provided that "Personal property of a nonresident decedent made taxable under

this chapter, except tangible personal property having an actual situs in this state, shall not be subject to the tax so imposed if a like exemption was allowed at the time of death of such decedent by the laws of the state, territory or district of the decedent's residence in favor of residents of this state."

New York, in her constitution, provided that intangible personal property within the state not employed in carrying on any business therein by the owner shall be deemed to be located at the domicile of the owner for purposes of taxation.

New York does not impose a tax on intangible property within the state belonging to a nonresident. It follows that residents of New York were then entitled to the benefit of our reciprocity statute in such circumstances.

The tax Wisconsin now seeks to impose would be on the transfer of the trust corpus by reason of the nonexercise of a power of appointment given to August E. Uihlein. Under sec. 72.01 (5), Stats., such a transfer is taxable; but the state of New York does not impose an inheritance tax at all on such transfer resulting from the failure to exercise a power of appointment. Appellant urges that sec. 72.01 (9) was not meant to apply. It contends that the controlling purpose is to prevent the evil of double taxation which follows if both the state of domicile and state of the situs impose a tax. In *Curry v. McCanless* (1939), 307 U. S. 357, 59 Sup. Ct. 900, 83 L. Ed. 1339, the United States court sustained the power of both the domiciliary state and the state of the situs of the property to tax. To give effect to appellant's claim we would have to read into the statute a purpose and plan the legislature did not provide for. Our statute, at that time, clearly provided that no tax was to be imposed under such facts as are before us, if a like exemption from taxation is allowed by the laws of the state in which decedent resided. It does not read that such state must impose a tax before the reciprocity will operate. A reciprocity statute is not like an offer of a contract to be accepted in terms or not at all. 28 Am. Jur. p. 104,

sec. 200. We think the acceptable rule governing the facts of this case is that it was not necessary that there should have been a law of the decedent's state imposing a succession tax within its jurisdiction with a special exemption from such tax in favor of the estate of citizens of another state whose laws impose a like general tax with a like special exemption, before the estate is excused the tax. *Bliss v. Bliss* (1915), 221 Mass. 201, 109 N. E. 148; *State ex rel. Dawson v. Davis* (1913), 88 Kan. 849, 129 Pac. 1197.

August E. Uihlein's death was before the legislature sought to withdraw or limit the extension of the reciprocity statute by providing that that section "shall not apply unless a tax is imposed on the transfer of said property by the laws of the state, territory or district of residence." Sec. 1, ch. 280, Laws of 1945. At the time of the transfer the statute provided for its exclusion from taxation in this state when the state of domicile did not impose a tax upon such transfer affecting intangibles of a Wisconsin resident. The important facts are that August E. Uihlein was a nonresident donee-owner of a power of appointment. The state of his residence did not impose a tax on óne who was a resident of Wisconsin and so circumstanced.

Since sec. 72.01 (9), Stats., operated to relieve the transfer from taxation, it is unnecessary to determine whether the situs of the trust was in Wisconsin.

*By the Court.*—Order affirmed.