THE CITY OF KANSAS CITY V. EDWARD DORE et ux.

No. 14,737   (88 Pac. 539.)

. SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Proceeding in Error—Time of Filing Case-made.* Where a statute which gives a party one year after final judgment to perfect his appeal to the supreme court is repealed and amended by limiting the time within which such proceeding must be commenced, which amendment is enacted after the defeated party has had his case-made settled, the case-made must be filed before the expiration of the time limit in the amendment or this court cannot assume jurisdiction.

2. ——— *Prerequisites to the Beginning of a Proceeding in
Error.* A proceeding to reverse a judgment of the trial court
is not commenced in this court within the provisions of sec-
tion 7342 of the General Statutes of 1901 until the petition in
error, with the case-made or transcript attached, is filed with
the clerk, together with a precipe for summons.

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge. Opinion filed January 5,
1907. Dismissed.

*Ralph Nelson,* city attorney, and *Edwin S. McAnany,*
city counselor, for plaintiff in error.

*Angevine & Cubbison,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: Edward Dore and his wife, Ellen Dore,
recovered a judgment in the court of common pleas of
Wyandotte county against the city of Kansas City,
Kan., for injuries resulting to them by the death of
their minor son, Edward Dore. It was charged that
the death was occasioned by the city in negligently
maintaining a dangerously deep pond, attractive to
boys, adjacent to one of the thoroughfares in the city,
and that while playing therein Edward Dore was
drowned.

The plaintiff in error had one year after the rendi-
tion of the final judgment to commence proceedings in
this court to reverse, vacate or modify the judgment
under section 5042 of the General Statutes of 1901.
On March 15, 1905, chapter 321 of the Laws of 1905
became effective. This chapter amended and repealed
section 5042 of the General Statutes of 1901 by limit-
ing the time within which an appeal could be taken to
reverse, vacate or modify a money judgment against a
municipal corporation to thirty days from the settle-
ment of the case-made or ninety days from the entry
of the judgment. The final judgment was rendered
December 13, 1904. The case-made was settled Febru-
ary 3, 1905, and filed in this court December 9, 1905.

The defendants in error challenge the jurisdiction of this court to consider the merits of the controversy for the reason that the case-made was not filed within the time limited by chapter 321 of the Laws of 1905. The right to an appeal is neither a vested nor a constitutional right. It is purely statutory, and may be limited by the legislature to any class of cases or in any manner, or may be entirely withdrawn. The repeal of section 5042 left the plaintiff in error without any right of appeal except that provided in the amendment. This question was before this court in the case of *Coal Co. v. Barber*, 47 Kan. 29, 27 Pac. 114, where it was said:

"A party who has been defeated in a civil action in the district court has no vested right to an appeal or to the prosecution of proceedings in error in the supreme court to review the rulings or judgment of the district court before he has filed his appeal or proceedings in the supreme court; and an act of the legislature taking away the privilege of appeal or the permission to prosecute proceedings in error before the appeal or petition in error is filed is valid and constitutional." (Syllabus.)

This principle is amply sustained by the authorities. (*Lake Erie, etc., R. Co. v. Watkins*, 157 Ind. 600, 62 N. E. 443, *Andrews v. Swartz*, 156 U. S. 272, 15 Sup. Ct. 389, 39 L. Ed. 422; Cooley's Const. Lim., 5th ed., *384.)

It is contended by the plaintiff in error that this proceeding is not affected by the repeal of section 5042, because it was a proceeding that had been commenced and was pending when the repealing act went into effect, within the meaning of section 7342 of the General Statutes of 1901, which provides:

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

With this we do not agree. A proceeding in error is

not commenced in this court until a petition in error, to which is attached a case-made or a transcript of the record, and a precipe for a summons are filed with the clerk of this court. The preparation of a case-made for this court is no more the commencement of an appeal herein than the preparation of a petition is the commencement of an action in the district court. In *Toof v. Cragun,* 53 Kan. 139, 35 Pac. 1103, it was said:

"The appellate jurisdiction of this court is subject to the regulation of the legislature, and unless a party brings himself within the requirements of the statute prescribing time and manner of removing a case to this court he is not entitled to a review." (Syllabus.)

Under the statute in force when the appeal was filed in this court we cannot take jurisdiction and hear this case on its merits. The motion to dismiss is therefore allowed.