Bowen v. Wilson.

No. 19,037.

LEWIS N. BOWEN, *Appellant*, v. CHARLES F. WILSON, *Appellee.*

SYLLABUS BY THE COURT.

1. APPEAL—*On Question of Law Only—Motion for New Trial Unnecessary.* Where the only error complained of is the overruling of a motion to dismiss an appeal from the probate court upon facts which are not disputed, the filing of a motion for a new trial is unnecessary, and can not serve the purpose of extending the time to appeal.

2. SAME—*No Vested Right to an Appeal.* There is no vested right to an appeal, and the legislature may take away from the defeated party the privilege before his appeal has been perfected. (*Kansas City v. Dore*, 75 Kan. 23, 88 Pac. 539.)

3. SAME—*Appeal to Supreme Court Taken Too Late.* When the judgment appealed from was rendered, October 15, 1912, the defeated party had one year in which to appeal to the supreme court. Chapter 241 of the Laws of 1913, limiting the time to six months, took effect July 1, 1913. *Held*, that an appeal taken more than six months from the date of the rendition of the judgment appealed from is too late.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed November 14, 1914. Dismissed.

*Paul R. Nagle*, of St. John, for the appellant.

*C. M. Williams*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The proceeding originated in the probate court, and was appealed to the district court. The appellant here, who was the appellee there, filed a motion to dismiss the appeal, which was overruled, and this is the order we are asked to review. The cause was tried on its merits and finally disposed of October 15, 1912. The appeal to this court was taken on September 6, 1913. The appellee has filed a motion to dismiss the cause, and the motion must be sustained. The facts upon which the trial court overruled the motion to dismiss the appeal from the probate court were not disputed, and the ruling was upon a question of law only, so that no motion for a new trial in the district court was necessary to have a review of the order. (*Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299; *Nichols v. Trueman*, 80 Kan. 89, 101 Pac. 633.) The time in which the appellant could appeal commenced when the cause was finally disposed of. (*McIntosh v. Wheeler*, 58 Kan. 324, 49 Pac. 77.) He could not extend the time by the filing of an unnecessary motion for a new trial. (*Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 48, 39 Pac. 718.) Appellant has not brought up the record of the proceedings on the merits, and the only question presented here is the ruling of the district court on his motion to dismiss, which can not be considered for the reason that this appeal was not brought within proper time. (*Dyal v. City of Topeka*, 35 Kan. 62, 10 Pac. 161.) It is appellant's contention that his right to appeal within a year accrued to him before chapter 241 of the Laws of 1913, limiting the time to six months, was passed. The act took effect on July 1, 1913, and contains no saving clause limiting its effect. In general terms it provides that the appeal in all cases shall be perfected within six months from the rendition of the judgment or order appealed from.

It has been settled that there is no vested right to an appeal, and that the legislature may take away from the defeated party the privilege before his appeal has been taken. (*Coal Co. v. Barber,* 47 Kan. 29, 27 Pac. 114; *Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539.)

It follows, therefore, that the cause will be dismissed.