(573 P.2d 625)
No. 48,803

ROBERT C. HARDER, SECRETARY, KANSAS STATE DEPARTMENT OF SO-
CIAL AND REHABILITATION SERVICES, *Appellant,* v. DONALD VERN
TOWNS, *Appellee.*

Petition for review denied January 25, 1978.

Opinion filed No-
vember 18, 1977.

*Evan Nightingale,* of Ulysses, for the appellant.

*William B. Bolin,* of Garden City, for the appellee.

Before FOTH, P.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This action was commenced under K.S.A. 39-718a for recovery of monies expended by the State for the care of the defendant's children.

Defendant and his wife were divorced in 1972. The decree of divorce gave custody of the children to the wife, visitation to the defendant husband, and provided for child support from the defendant husband. In 1974, the defendant's ex-wife filed contempt against defendant concerning non-payment of support by defendant. The defendant filed a contempt citation to enforce his visitation rights. Both parties were represented by counsel in this stage of the proceedings. Before the matters were presented to the court, said parties entered into an agreement settling their problems. The net result was that the wife would not seek to have the defendant contribute to the support of the children, and the defendant husband would accept limited visitation rights. The parties to the divorce action and their counsel appeared before the

court and the court approved their agreement, incorporating it into a journal entry terminating the defendant husband's obligation to support the children and setting forth limited rights of visitation. The respective contempt citations were dismissed. The wife later received aid for the children from the State of Kansas through the Department of Social and Rehabilitation Services.

The plaintiff, Department of Social and Rehabilitation Services (hereinafter SRS) sued defendant for the monies expended by the State in this action, and the defendant answered. The court found for the defendant, stating that the defendant did not have a duty to support the children because of the agreement made between himself and his ex-wife and approved by the court.

SRS appeals on the grounds that said order was invalid for the reasons that it was not in compliance with K.S.A. 60-1610, was against public policy, was not supported by the facts, and constituted abuse of discretion by the court. The defendant moved that the appeal be dismissed because it was filed out of time.

We first consider the timeliness of the plaintiff's appeal. The statute which establishes the time within which to file an appeal is K.S.A. 60-2103. The version of K.S.A. 60-2103 in effect on December 5, 1976 (the date on which judgment was entered by the trial court) allowed the State or one of its agencies 60 days within which to file notice of appeal. On January 10, 1977, the current version of K.S.A. 60-2103 became effective. The new statute shortens the filing period for the State and its agencies to 30 days. SRS filed its notice of appeal on February 2, 1977, well within the 60-day period provided by the previous version of the statute, but beyond the 30-day limit imposed by the 1977 version of the statute. The timeliness of the appeal clearly depends on which version of the statute controls: the one in effect on the date judgment was rendered, or the one in effect on the date that notice of appeal was filed.

The statute itself contains no provision regarding its retrospective or prospective effect. Case law, as enunciated in *Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539, and *Bowen v. Wilson,* 93 Kan. 351, 144 Pac. 251, establishes the rule that a statute reducing the time allowed for an appeal applies to an existing judgment even though the entire time allowed for filing the appeal under the new statute has expired when the new act takes effect. The rationale for this rule is that "there is no vested right to an appeal, and that

the legislature may take away from the defeated party the privilege before his appeal has been taken." *Bowen,* supra, 353.

The Kansas rule is contrary to the majority rule. Regarding the retrospective application of a new statute shortening the time for perfecting an appeal, Am. Jur. states the rule to be as follows:

"Generally, the applicable law in force at the time the determination appealed from took effect governs in determining the time within which appeal must be taken, although the action may have been pending prior to that time, and statutes shortening the time within which appellate review can be taken will ordinarily be construed inapplicable to judgments, decrees, or orders entered before the statute took effect. . . . Statutes shortening the period for appeal have sometimes been applied to prior determinations, where the injured party had a reasonable time after the passage thereof within which to take such proceedings. . . ." 4 Am. Jur. 2d, Appeal and Error §300, p. 787. (See cases cited n. 11.)

C.J.S. states the rule in similar terms:

"Unless an intention plainly appears that the statute is to receive a retrospective operation and effect, ordinarily it is held that a statute which curtails or reduces the time does not apply to proceedings in which a judgment, order, or decree has been previously rendered or entered. The new legislation may, however, operate on then pending cases in which judgment has been rendered prior to the taking effect of the statute, provided it does not deprive the litigant of a reasonable time in which to seek a review. . . ." 4A C.J.S., Appeal & Error §430, pp. 74-75.

The Supreme Court of Kansas has spoken on this issue in two cases (*Kansas City v. Dore,* supra, and *Bowen v. Wilson,* supra), decided many years ago. In those cases the intent of the legislature as it related to the retrospective or prospective effect of the legislation was not specifically discussed nor was it a basis for the court's decision. Considering the current majority rule in this area of the law, we feel that the Supreme Court, if called upon to decide the issue today, would say that when the legislature did not express or evidence a clear intent that such legislation is to be retrospective, such legislation does not terminate the rights of appeal of litigants on pending cases whose appeal time has not expired under the prior version of the statute.

We next consider the plaintiff's contention that the trial court erred in denying its petition to recover monies expended in support of the defendant's minor children. K.S.A. 39-718a creates a mechanism which enables SRS to sue either or both parents for reimbursement of funds paid out under the aid for dependent children program. The statute specifically exempts collection from parents who are acting in compliance with a court order.

The gravamen of the plaintiff's petition is that the exemption applies only to a valid court order, and, it asserts, the order terminating the defendant father's duty to provide support for his children is invalid in view of the fact that he is capable of doing so, at least to some degree.

It is unnecessary for this court to consider the merit of the plaintiff's arguments concerning the validity of the order terminating support payments. The plaintiff's assertion that the order is invalid represents a collateral attack on a judgment. This is not permissible. *Jones v. Jones,* 215 Kan. 102, 523 P.2d 743. Neither SRS nor the mother of the children has appealed the order to challenge its validity. An order that is not *void* (for example, by reason of the court's lack of jurisdiction over subject matter or a party) is of full force and effect until challenged and changed by appeal. *Davis v. Davis,* 145 Kan. 282, 287, 65 P.2d 562. This rule, based on the doctrine of res judicata, essentially means that an erroneous order as opposed to a totally void order must be treated as a finality until it is reversed on appeal. *Hoover v. Roberts,* 146 Kan. 785, 790, 74 P.2d 152.

Judgment is affirmed.