No. 54,899

OLATHE COMMUNITY HOSPITAL, *Petitioner,* v. KANSAS CORPORATION
COMMISSION, HUMANA, INC., HUMANA OF KANSAS, INC., SUBURBAN
MEDICAL CENTER, and SECRETARY OF THE KANSAS DEPARTMENT OF
HEALTH AND ENVIRONMENT, *Respondents.*

(652 P.2d 726)

Opinion filed October 22, 1982.

*George A. Lowe,* of Lowe, Terry & Roberts, of Olathe, and *Christopher B. Bacon,* of the same firm, for petitioner.

*Brian J. Moline,* general counsel, of Topeka, for respondent Kansas Corporation Commission.

*Emily E. Cameron* and *Robert Corbett,* of Topeka, for respondent Kansas Department of Health and Environment.

*J. Eugene Balloun,* of Balloun & Bodinson, Chartered, of Olathe, and *Ron*

*Bodinson,* of the same firm, for respondents Humana, Inc., Humana of Kansas, Inc. and Suburban Medical Center.

The opinion of the court was delivered by·

HOLMES, J.: This is an original action in mandamus filed by Olathe Community Hospital seeking a determination of the applicable appeal statute in an appeal from an order of the Secretary of the Kansas Department of Health and Environment (KDHE) granting the petitioner's request for a certificate of need pursuant to K.S.A. 65-4801 *et seq.* This court assumed jurisdiction by an order entered August 30, 1982.

· Due to statutory changes enacted by the legislature during its 1982 session, the parties are in disagreement whether an appeal from the order of the KDHE in this certificate of need case is to the Kansas Corporation Commission (KCC) pursuant to K.S.A. 65-4809 (repealed July 1, 1982), or direct to the district court pursuant to L. 1982, ch. 272, § 4 (effective July 1, 1982). The facts are not in dispute.

The Olathe Community Hospital seeks an order directing the respondent, KCC, to dismiss, for lack of jurisdiction, an administrative review proceeding lodged there. The real parties in interest are the petitioner, Olathe Community Hospital, and the respondents, Humana, Inc., Humana of Kansas, Inc., and the Suburban Medical Center (hereafter the Suburban group). The Secretary of the KDHE, also named as a respondent, has adopted the legal arguments of the petitioner. The KCC has filed a memorandum asserting its right to exercise jurisdiction and opposing the petition for mandamus. The Suburban group also asserts that the KCC has jurisdiction.

The ultimate litigation concerns the Olathe hospital's application for a certificate of need under the Kansas Health Facilities Act, K.S.A. 65-4801 *et seq.* The hospital sought a certificate of need from the KDHE for its plans to construct a 150-bed replacement hospital with "shell space" for an additional 50 beds to be finished when needed. The proposal also called for the establishment of computerized axial tomography (CT) scanning services at the hospital. The estimated cost for the project was twenty-nine million, eight hundred fifty-nine thousand dollars ($29,859,000.00). Suburban Medical Center and its owners, Humana, Inc. and Humana of Kansas, Inc., oppose the project.

The Secretary of the KDHE, in his order dated the 18th of June, 1982, modified the Olathe proposal and ordered that a certificate

of need be issued only for a 150-bed replacement facility. No need was found for the 50-bed shell space or the CT scanner service.

One of the reasons the Health Facilities Act, K.S.A. 65-4801 *et seq.,* was adopted by the legislature in 1976 was to bring the Kansas statutes and resulting regulations into compliance with certain federal requirements (42 U.S.C. § 300k *et seq.,* and regulations issued thereunder). One of those requirements was that any order of the KDHE in a proceeding for a certificate of need must be reviewed by an administrative "review agency" before any appeal could be taken to the courts. K.S.A. 65-4809 provided for such review. K.S.A. 65-4801(*f*) provided that the review agency would be the statewide health coordinating council or such other agency as was designated by the governor. The KCC was designated as the appropriate review agency by former Governor Robert F. Bennett in Executive Order No. 78-35, issued December 12, 1978. The KCC remained the designated review agency until July 1, 1982, when the necessity for such review was abolished by L. 1982, ch. 272, § 4.

The 1982 Legislature, after changes in the federal requirements no longer required the intermediate step of appealing first to a review agency, amended the statutes to provide that all appeals from orders of the KDHE in certificate of need cases should be directly to the district court (L. 1982, ch. 272, § 4) and allowed thirty days from the date of the entry of the order by the Secretary of the KDHE in which to file the appeal. The prior statute had allowed a similar thirty-day period in which to seek a review hearing before the review agency. The order authorizing the certificate of need for the new facility at Olathe Community Hospital was issued June 18, 1982. K.S.A. 65-4809 was repealed effective July 1, 1982, and the new statute providing for a direct appeal to the district court became effective the same date. Thus the Suburban group was faced with a dilemma, and proficient counsel being aware of the change effected on July 1, 1982, filed a request for a hearing before the review agency, the KCC, on July 14, 1982, and also filed a notice of appeal to·the district court of Johnson County on July 16, 1982. Obviously, both appeals were filed within thirty days of the issuance of the order by the KDHE. Olathe Community Hospital, after motions to dismiss were denied by the KCC, then filed this original action seeking a deter-

mination of which statute governs the appeal and whether the KCC has jurisdiction under the old statute as the review agency or the district court has jurisdiction under the new statute of the direct appeal. The Suburban group and the KCC argue that the KCC has jurisdiction and should proceed as the statutory review agency to hear the first step in the appeal process. Olathe Community Hospital and the KDHE, on the other hand, argue that the new statute effective July 1, 1982, controls and that the district court has jurisdiction to hear the appeal without the necessity of the matter being first submitted to a review agency.

Four Kansas cases are cited by the parties in support of their relative positions. Olathe Community Hospital and the KDHE rely on three early cases from this court: *Coal Co. v. Barber,* 47 Kan. 29, 27 Pac. 114 (1891); *Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539 (1907) ; and *Bowen v. Wilson,* 93 Kan. 351, 144 Pac. 251 (1914), while the respondents rely upon *Harder v. Towns,* 1 Kan. App. 2d 667, 573 P.2d 625 (1977), *rev. denied* 225 Kan. 844 (1978). None of the cases is directly in point with the factual situation before the court.

In *Coal Co.,* Barber recovered a judgment for $65.00 and costs on February 20, 1889. At the time the judgment was entered the Coal Co. had a right to appeal to the Supreme Court and filed the necessary documents to do so on March 20, 1889. However, the 1889 Legislature had passed a statute, effective March 20, 1889, setting a jurisdictional limit of $100.00 on all such appeals. The court found that the new statute became effective upon its publication at 6:00 a.m. on March 20, 1889, and that the appeal was not filed until later that same day and was therefore barred. The court held:

"A party who has been defeated in a civil action in the district court has no vested right to an appeal or to the prosecution of proceedings in error in the supreme court to review the rulings or judgment of the district court before he has filed his appeal or proceedings in the supreme court; and an act of the legislature taking away the privilege of appeal or the permission to prosecute proceedings in error before the appeal or petition in error is filed, is valid and constitutional." Syl. ¶ 4.

In *Kansas City v. Dore,* Dore recovered a judgment against the city for the wrongful death of his minor son. The judgment was entered December 13, 1904, and at that time the city had one year in which to file an appeal to the Supreme Court. The appeal was filed December 9, 1905. However, the 1905 legislature had

shortened the appeal time to ninety days effective March 15, 1905. The court, in reliance upon *Coal Co.,* held:

"Where a statute which gives a party one year after final judgment to perfect his appeal to the supreme court is repealed and amended by limiting the time within which such proceeding must be commenced, which amendment is enacted after the defeated party has had his case-made settled, the case-made must be filed before the expiration of the time limit in the amendment or this court cannot assume jurisdiction." Syl. ¶ 1.

The third case relied upon by the petitioner is *Bowen v. Wilson. Bowen* involved an appeal from the probate court to the district court with a final judgment being entered in favor of Wilson in the district court on October 15, 1912. At that time Bowen had one year to appeal to the Supreme Court and filed his appeal September 6, 1913. The 1913 Legislature had amended the appeal statute effective July 1, 1913, to six months. The court held that the appeal was filed too late inasmuch as the 1913 amendment required that the appeal be filed within six months of the date of judgment. In following *Coal Co.* and *Dore,* the court held:

"There is no vested right to an appeal, and the legislature may take away from the defeated party the privilege before his appeal has been perfected. (*Kansas City v. Dore*, 75 Kan. 23, 88 Pac. 539.)" Syl. ¶ 2.

"When the judgment appealed from was rendered, October 15, 1912, the defeated party had one year in which to appeal to the supreme court. Chapter 241 of the Laws of 1913, limiting the time to six months, took effect July 1, 1913. *Held,* that an appeal taken more than six months from the date of the rendition of the judgment appealed from is too late." Syl. ¶ 3.

On the other hand, respondents rely upon *Harder v. Towns* wherein the Secretary of the Kansas State Department of Social and Rehabilitation Services (SRS) sued Towns to recover for aid to dependent children payments made to the former wife of Towns. Towns prevailed in the district court in a judgment which was entered December 5, 1976, at which time K.S.A. 60-2103 as it then existed gave SRS sixty days to appeal. On January 10, 1977, an amendment to 60-2103 became effective which reduced the time to thirty days. SRS filed its notice of appeal on February 2, 1977, within sixty days of the judgment but well past the new thirty-day amendment. The court held:

"When the time period allowed for filing an appeal is legislatively shortened, unless the legislature evidences a clear intent that the new enactment have retrospective operation, an appeal from a judgment rendered before the effective date of the new procedure may be filed within the period allowed by the new

statute, the period beginning to run on the effective date of the statute, except that in no case may an appeal be filed after the last date for filing under the prior statute." Syl. ¶ 1.

In reaching its decision, the Court of Appeals stated:

"The Supreme Court of Kansas has spoken on this issue in two cases (*Kansas City v. Dore,* supra, and *Bowen v. Wilson,* supra), decided many years ago. In those cases the intent of the legislature as it related to the retrospective or prospective effect of the legislation was not specifically discussed nor was it a basis for the court's decision. Considering the current majority rule in this area of the law, we feel that the Supreme Court, if called upon to decide the issue today, would say that when the legislature did not express or evidence a clear intent that such legislation is to be retrospective, such legislation does not terminate the rights of appeal of litigants on pending cases whose appeal time has not expired under the prior version of the statute." p. 669.

However, the decision of the trial court was affirmed on other grounds.

As is readily apparent, the instant case is distinguishable from all of the foregoing cases. In *Coal Co.* the legislature established a restriction on the right of appeal which had not previously existed and in *Dore, Bowen* and *Towns* the legislature actually shortened the appeal time available to the aggrieved party. In the case at bar the legislature did not shorten the thirty-day appeal time but merely made a procedural change in the identity of the body to hear the appeal. The respondents still had thirty days from the date of the order in which to effect their appeal although the new statute required that it be to the district court rather than the KCC. Under these circumstances we are not called upon to and do not here decide whether *Towns* in effect overrules *Dore* and *Bowen* as argued by the parties.

Where a statute makes a procedural change, it may be applied to a pending dispute. In *In re Estate of Laue,* 225 Kan. 177, 589 P.2d 558 (1979), the court said:

"It is also the rule that when a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether suit has been instituted or not, unless there is a saving clause as to existing litigation." p. 188.

See also *Davis v. Hughes,* 229 Kan. 91, 622 P.2d 641 (1981).

The rule is also well settled in this state that an appeal is not a matter of right, but is governed by statute. Appeals previously permitted may be subsequently limited or completely withdrawn.

See *Kowing v. Douglas County Kaw Drainage Dist.,* 167 Kan. 387, 390, 207 P.2d 457 (1949), and cases cited therein; accord *In re Waterman,* 212 Kan. 826, 512 P.2d 466 (1973). Although this court in *Brinson v. School District,* 223 Kan. 465, 576 P.2d 602 (1978), recognized that an agency's action and authority could, under some circumstances and absent a statutory right of appeal, be challenged in original actions, the right to an appeal from an administrative agency to the judiciary is not a guaranteed right. *Behrmann v. Public Employees Relations Board,* 225 Kan. 435, Syl. ¶ 6, 591 P.2d 173 (1979).

Likewise, in this state, administrative proceedings themselves are not afforded as a matter of right. Administrative agencies are specifically designed by the legislature and attempts to exercise jurisdiction beyond the power conferred by the legislature are without authority and void. *Vaughn v. Martell,* 226 Kan. 658, 660-61, 603 P.2d 191 (1979). The exercise of administrative authority without the fulfillment of the conditions imposed by law upon that agency and its jurisdiction is only a vain and impotent exercise. *Cities Service Gas Co. v. State Corporation Commission,* 201 Kan. 223, Syl. ¶ 3, 440 P.2d 660 (1968). See also *Pentheny, Ltd. v. Government of Virgin Islands,* 360 F.2d 786 (3d Cir. 1966).

In the instant case we are advised that this is the only case which will be affected by the 1982 statutory change in the appeal procedure. Under the circumstances we are not called upon to determine whether the KCC would have obtained jurisdiction if the request for review hearing had been filed prior to July 1, 1982, the effective date of the statute. Under the unique facts of this case, we hold that the KCC lacks jurisdiction to hear and review the order of the Secretary of KDHE and that Johnson County is the appropriate forum and has jurisdiction under L. 1982, ch. 272, § 4, to hear the appeal.

It is therefore the order of this court that the petitioner's request for a writ of mandamus is sustained and the Kansas Corporation Commission is directed to dismiss the purported administrative review proceedings instituted by respondents pursuant to K.S.A. 65-4809. It is the further order of this court that the District Court of Johnson County proceed to hear the respondent's appeal.

Petition granted.

FROMME, J. not participating.