(733 P.2d 830)

No. 59,389

DOUGLAS KELLER, *Appellant*, v. BOARD OF TRUSTEES OF COFFEY-VILLE COMMUNITY COLLEGE, *Appellee*.

Opinion filed March 5, 1987.

*Wesley A. Weathers*, of Weathers & Riley, of Topeka, for the appellant.

*H.E. Jones*, of Hershberger, Patterson, Jones & Roth, of Wichita, for the appellee.

Before BRAZIL, P.J., PARKS and BRISCOE, JJ.

PARKS, J.: Plaintiff, Douglas Keller, a former instructor at Coffeyville Community College, filed an appeal in district court from the action of the Board of Trustees (Board) of that institution upholding the administrative decision to terminate his teaching contract in mid-year. The district court upheld the Board's decision and plaintiff appeals to this court.

Plaintiff was employed under a series of one-year teaching contracts from 1974 until his termination on March 20, 1984. On that date plaintiff received a letter from the president of Coffeyville Community College informing him that his teaching contract was terminated. The reason stated for the termination was that "you are incapable of performing your duties." Plaintiff requested a due process hearing pursuant to his rights under K.S.A. 72-5438 and designated one member of the hearing committee. The Board designated a second member of the commit-

tee and these two members chose a third person to serve on the committee. The hearing committee convened, heard testimony, and issued its opinion concluding plaintiff was capable of performing his duties and was terminated unjustly. The committee's opinion and recommendation that plaintiff be reinstated were submitted to the Board. The Board rejected the opinion of the hearing committee and voted to uphold the decision of the college administration to terminate plaintiff's employment. Plaintiff then appealed this action by the Board to district court.

The Due Process Procedure Act, K.S.A. 72-5436 *et seq.*, describes the rights of a teacher whose contract is nonrenewed or terminated. Upon the request of the teacher, a hearing committee is established to hear evidence and determine whether the board in control of the institution has carried its burden of proving a justification for the termination or nonrenewal. K.S.A. 72-5442. The opinion of the hearing committee is then submitted to the board for final action. K.S.A. 72-5443. If the teacher is dissatisfied with the board's final decision, he may appeal to the district court pursuant to K.S.A. 1986 Supp. 60-2101(d). The scope of review in the district court is the same as in any administrative appeal and the same scope of review applies in the appellate court. This three-prong standard is oft-stated as follows:

"A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, the tribunal acted fraudulently, arbitrarily or capriciously and whether the order is supported by substantial evidence and within the scope of the tribunal's authority." *Kelly v. Kansas City, Kansas Community College*, 231 Kan. 751, Syl. ¶ 1, 648 P.2d 225 (1982).

In this appeal, plaintiff raises issues bearing on both the sufficiency of the evidence and the authority of the Board. A challenge to the lawfulness of an action raises the issue of whether the action taken was within the authority of the agency. *City of Wichita v. Board of Sedgwick County Comm'rs*, 232 Kan. 149, 151, 652 P.2d 717 (1982).

During the pendency of the proceeding, K.S.A. 72-5443 (Ensley 1980) was amended to alter the effect of a unanimous hearing committee report. Under the law in effect when the committee was convened, the Board was free to accept or reject the com-

mittee's opinion regardless of whether it was unanimous. However, on July 1, 1984, after the committee's opinion was written but before it was considered by the Board, 72-5443 was amended in the following manner:

"(b) *If the members of the hearing committee are unanimous in their opinion, the board shall adopt the opinion as its decision in the matter and such decision shall be final, subject to appeal to the district court as provided in K.S.A. 60-2101, and amendments thereto.*" L. 1984, ch. 267, § 2.

The district court held the opinion of the hearing committee was unanimous and this holding has not been appealed. However, the court also concluded the Board was not bound by the amendment to 72-5443 and could render a final decision at odds with the hearing committee's opinion. The court rejected plaintiff's argument that the amendment should apply retroactively, concluding the change in the law was a substantive change in the Board's rights.

When the plaintiff was advised that the Board was terminating his contract on March 20, his right to a due process hearing accrued. Ordinarily, when a right accrues or proceeding is commenced under a statute which is subsequently repealed, the right is unaffected by the repeal. K.S.A. 1986 Supp. 77-201 *First.* Thus, plaintiff's due process rights should be controlled by the law in effect when his rights accrued unless the statute which repealed and amended that law may be construed to operate retroactively. The rules regarding retroactivity of a statute are summarized as follows:

"A statute operates prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Davis v. Hughes,* 229 Kan. 91, 622 P.2d 641 (1981). This rule is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of the parties. *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979).

. . . .

"While generally statutes will not be construed to give them retrospective application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a savings clause as to existing litigation. *Davis v. Hughes,* 229 Kan. at 101; *Lakeview Village, Inc. v. Board of Johnson County Comm'rs,* 232 Kan. 711, 659 P.2d 187 (1983)." *Jackson v. American Best Freight System, Inc.,* 238 Kan. 322, 324-25, 709 P.2d 983 (1985).

The legislature did not state that the amendment to 72-5443 was to operate retroactively. Therefore, unless the changes effected by the amendment merely affect the remedy or law of procedure to be applied, this case is controlled by the old version of the statute. Thus, to determine retroactivity we must evaluate the nature of the changes made by the amendment.

The amendment to 72-5443 enacted by the legislature in 1984 reflects a recognition of the difficulty of the task of the school board in judging its own decision by taking away that task when the disinterested factfinding body has reached a unanimous opinion. The district court held this change was substantive because the board's right to make the final decision is withdrawn in certain circumstances. However, the right sought to be protected under this act is the right of the teacher to due process. It is the absolute right of a school or community college board to terminate any teacher so long as it acts for good cause and the good faith basis for its decision is not arbitrary, irrational, unreasonable, or irrelevant to the board's task of operating an efficient school system. *Haddock v. U.S.D. No. 462*, 233 Kan. 66, 69, 661 P.2d 368 (1983). This right is not altered or abridged by the amendment to 72-5443. The board's right to terminate is completely preserved—only the remedy or procedure afforded to the terminated teacher to test the good faith and good cause behind that decision is altered.

The contention the board has a substantive right to make the final decision whether the teacher was terminated for good cause ignores the fact that the role of the board when it rejects or accepts the recommendation of the hearing committee is quasi-judicial, not adversarial. The board must abandon its role as prosecutor and strive for a high standard of detached objectivity when assuming this role. *Haddock*, 233 Kan. at 78. Thus, it should have no more interest in making the final decision on the issue than a court has in hearing a case.

In *Olathe Community Hospital v. Kansas Corporation Comm'n*, 232 Kan. 161, 652 P.2d 726 (1982), the Olathe Community Hospital filed an action in mandamus to resolve a disagreement with the KCC concerning the applicable appeal procedure for a decision by the Kansas Department of Health and

Environment (KDHE). At the time the KDHE order was issued, the operative statutes indicated that the KCC was the proper forum for an appeal. However, within the time for an appeal to be filed, an amendment of the appeal procedure went into effect which shifted the site of a proper appeal to the district court. Appeals were filed in both forums and the mandamus action was filed to determine which appellate forum had jurisdiction, the KCC or the district court.

Our Supreme Court cited the rule that when a change of law merely affects the remedy or law of procedure, all rights of action will ordinarily be enforceable under the new procedure. The Court then concluded that the change in the venue of the appeal effected by the new statute was merely a change in procedure which should control the pending proceeding. The Court reasoned that administrative proceedings and appeals from those proceedings are governed by statute and are not afforded as a matter of right. Since the hospitals involved in the administrative proceedings had no right to appeal to one forum or another, the Court concluded the change in the identity of the body to hear the appeal was merely procedural and did not affect any substantive rights. *Olathe Community Hospital*, 232 Kan. at 166-67.

Unlike the hospitals in *Olathe Community Hospital*, a teacher has a constitutional right to a due process hearing to review the administrative decision of the board to terminate his contract. However, the teacher has no substantive right to a particular procedure so long as due process is satisfied. See *Crane v. Mitchell County U.S.D. No. 273*, 232 Kan. 51, 61, 652 P.2d 205 (1982). Thus, a change in the statute specifying a certain procedure to be followed in order to administer the right to due process is merely a procedural change insofar as the plaintiff is concerned. Furthermore, the board has no substantive right to be the body to review the decision to terminate any more than the KCC had a right to hear the appeal of the KDHE decision. The Court, in *Olathe Community Hospital*, did not specifically state that the KCC had no right to hear the appeal but, since it ruled the new statute was procedural and retroactive, it had to have concluded as much. The change effected in 72-5443 is closely analogous to that made in the appeal procedure considered in *Olathe Community Hospital* and, like the KCC in that case,

neither the plaintiff, the Board, nor any other party has a vested right which would be affected by application of the new statutory procedure.

Since the district court ruled that the opinion of the hearing committee was unanimous, under the amended version of 72-5443, its decision would be final. We conclude that the amended provision should have applied to the pending proceedings in plaintiff's case and, consequently, the court erred in upholding a decision by the Board which departed from the unanimous findings of the hearing committee. The conclusion we have reached makes it unnecessary for us to consider the other alleged errors.

Judgment is reversed and the case is remanded with instructions to enter judgment for the plaintiff, Douglas Keller.