(868 P.2d 1240)
No. 69,656

UNIFIED SCHOOL DISTRICT NO. 434, OSAGE COUNTY, KANSAS, *Appellant*, v. ROBERT HUBBARD, *Appellee.*
Petition for review denied 255 Kan. 1007 (1994).

Opinion filed February 18, 1994.

*Patricia E. Baker* and *Cynthia Lutz Kelly*, of The Kansas Association of School Boards, of Topeka, and *Fred W. Rausch, Jr.*, of Topeka, for appellant.

*Richard D. Anderson*, of Topeka, for appellee.

Before BRISCOE, C.J., GREEN, J., and JOHN J. BUKATY, JR., District Judge, assigned.

GREEN, J.: This case involves a teacher termination wherein the Board of Education of U.S.D. No. 434 (Board), the appellant, seeks reversal of the judgment of the district court upholding the decision of the Due Process Hearing Committee (Committee) to reinstate Robert Hubbard, the appellee.

Before the Board notified Hubbard of his termination, he had taught at Santa Fe Trail High School for 10 years. The Board, after watching a videotape made by some of his art class students, decided to terminate his contract because of the activities shown on the videotape. The Board claimed the videotape showed his lack of classroom control and his failure to intervene and stop a female from being sexually harassed by two male students.

After receiving notice of his termination, and because he was a tenured teacher, Hubbard requested a due process hearing. The three-member Committee was convened, and it watched the videotape and summarized it as follows:

"The gravamen of this case concerns a videotape [taken during] Robert Hubbard's first hour art class at Santa Fe [Trail] High School. [C.H.], an art student was transferring and Hubbard allowed the students to have a going away skit and/or social time with [C.H.] The video tape started with planned skits, including a 'Wizard of Oz' scene and a condom commercial, neither of which were objected to by the administration.

"After the skits, Mr. Hubbard went back to his work area, in the class-room, and allowed the students free time to converse or film each other. The second part of the filming included students portraying 'Saturday Night Live' skits; telling of off campus, unsavory activities; attempting to embarrass each other with zoom shots of crotch areas; alleged sexual harassment; and generally acting in bad taste. Two male students, [J.C.] and [S.S.] were the primary actors in the second part of the 15 minute film. The alleged victims were [C.H.] and [J.S.].

"Mr. Hubbard several times cautioned the students to not let their ac-tivities to get out of hand. However, for the majority of the time, Mr. Hubbard busied himself at his work station and/or went outside of the classroom to help other students and did not control the classroom in a manner which would be expected of him."

Approximately two months after the hearing, the Committee con-cluded that "the evidence in its entirety does not establish just cause for the termination of Mr. Hubbard's employment."

The Board disagreed with the Committee's decision and filed an appeal with the district court. The district court affirmed the Committee's decision and denied the Board's appeal, stating: (1) The Committee's findings of fact were not arbitrary and capri-cious; (2) the Committee acted within the scope of its authority in reviewing the district's sexual harassment policy; and (3) the Committee's decision finding Hubbard's termination was without good cause was not arbitrary or capricious. The district court then ordered the Board to immediately reinstate Hubbard with pay.

Before we address the specific arguments made by the Board, we must first consider the important question of whether the Board's or the Committee's decision is entitled to deference upon review. Specifically, because of the 1991 amendments to the Due Process Procedures Act, K.S.A. 72-5436 *et seq.*, the Board con-tends the amendments are unclear regarding the issue of whether

the Board or the Committee is the factfinder whose findings are to be given deference upon review. The Board argues it is the proper factfinder in determining whether a teacher's termination is for good cause, subject only to limited judicial review. Furthermore, the Board contends the district court erred when it failed to give greater deference to the Board's action.

The Board, however, misunderstands the role of a hearing committee in the termination of a tenured teacher. Initially, the school board investigates and makes its determination to terminate a teacher. A hearing committee, as a disinterested factfinding body, determines if the school board's decision to terminate was for good cause. Before the 1991 amendment, the primary responsibility for determining "good cause" rested with the school board. Moreover, the decision of a school board on the question of whether a teacher's contract should be renewed or terminated was final, subject to limited judicial review. The 1991 amendment, however, changed all that when the legislature decided to make the decision of the hearing committee (now hearing officer) final, subject to appeal to the district court by either party as provided in K.S.A. 1993 Supp. 60-2101. Therefore, in a teacher termination case, a due process hearing committee is the factfinder. Accordingly, a hearing committee must decide whether the reasons given by a school board in its decision to terminate or nonrenew a tenured teacher's contract constitute good cause. Finally, the amendment clearly indicates that a hearing committee is the body best qualified to assume these quasi-judicial functions formerly performed by the school board. See *U.S.D. No. 380 v. McMillen*, 252 Kan. 451, 454, 845 P.2d 667 (1993), for an excellent summary written by Chief Justice Holmes of the legislative history of K.S.A. 72-5443.

Consequently, the Board is no longer the factfinder, and because of this change, its decision is not entitled to any deference upon judicial review. Accordingly, the district court did not err when it limited its review to the Committee's decision.

Next, we must decide what is the proper standard of review to be applied to this case. Before the 1991 amendment, the Kansas Supreme Court, in *Butler v. U.S.D. No. 440*, 244 Kan. 458, 463, 769 P.2d 651 (1989), concluded that the district court's standard of review was as follows:

"K.S.A. 1988 Supp. 60-2101(d) gives the district court jurisdiction to review the Board's decision. The district court may not hear the case de novo, but is limited to deciding whether: (1) The Board's decision was within the scope of its authority; (2) its decision was substantially supported by the evidence, and (3) it did not act fraudulently, arbitrarily, or capriciously."

See *O'Hair v. U.S.D. No. 300*, 15 Kan. App. 2d 52, Syl. ¶ 2, 805 P.2d 40, *rev. denied*, 247 Kan. 705 (1990).

We conclude the standard of review outlined in *Butler* is still the appropriate standard to be applied by the district court and this court, except the 1991 amendment requires us now. to apply our review to the decision of the hearing committee. Consequently, the standard of review of a due process hearing committee's decision is limited to deciding if: (1) the committee's decision was within the scope of its authority; (2) the committee's decision was supported by substantial evidence; and (3) the committee did not act fraudulently, arbitrarily, or capriciously.

First, in order to terminate a tenured teacher, the burden of proof rests upon the school board. The Kansas Supreme Court, in *Gillett v. U.S.D. No. 276*, 227 Kan. 71, 77, 605 P.2d 105 (1980), stated:

"72-5442 places the burden of proof upon the school board in all instances other than where the allegation is that the teacher's contract is nonrenewed by reason of the teacher's exercise of a constitutional right."

Second, the school board's reason for seeking the termination of the teacher must constitute good cause. The *Gillett* court defined good cause as the following:

"Under the Kansas due process statute (K.S.A. 1977 Supp. 72-5436 *et seq.*), a tenured teacher may be terminated or nonrenewed only if good cause is shown, including any ground which is put forward by the school board in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the school board's task of building up and maintaining an efficient school system." 227 Kan. 71, Syl. ¶ 1.

Third, the committee's decision must be supported by substantial evidence. K.S.A. 72-5439(f). Substantial evidence has been defined as follows:

"Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. [Citation omitted.] Stated in another way, 'substantial evidence' is such legal and relevant evidence as a reasonable person

might accept as being sufficient to support a conclusion. [Citation omitted.]" *Williams Telecommunications Co. v. Gragg*, 242 Kan. 675, 676, 750 P.2d 398 (1988).

Having attempted to briefly outline the major steps for terminating a teacher, we now focus our attention on the Board's remaining arguments.

The Board next argues the district court erred in failing to find the Committee acted outside the scope of its authority. The Board claims the Committee acted beyond the scope of its authority by failing to give proper consideration to the Board's sexual harassment policy and by applying federal sexual harassment laws established under Title VII to determine if Hubbard's conduct was improper.

The Committee, however, reviewed the Board's sexual harassment policy and determined the isolated events depicted on the videotape did not warrant termination. Specifically, under its findings of fact, the Committee stated:

"7. While this panel finds the second part of the skit offensive, and in no way condones the temporary lack of discipline on Mr. Hubbard's behalf, or the actions of the students in the skit, we do not find that the activities placed any student in a 'hostile' environment, or find that the activities were raised to a level which constitutes sexual harassment. No female student complained of sexual harassment. The actions were not repetitive or continuing in nature.

. . . .

"13. The female students participated in the activities. The girls were giggling and joking and generally participating in 'teenager horseplay' throughout the second part of the taping. The female student provided the condoms for the commercial, and commented on passing gas. They at no time had their welfare placed in jeopardy during the free time."

The Committee found the Board's sexual harassment policy allows for a range of penalties depending on the degree of misconduct. Furthermore, the Committee determined the activities shown on the videotape did not constitute sexual harassment. Moreover, we conclude that even if Hubbard's conduct did violate the Board's sexual harassment policy, the Committee's determination that the isolated events shown on the videotape did not warrant termination is supported by substantial evidence. Consequently, we conclude the Committee acted within the scope of its authority.

The Board next argues the Committee acted outside the scope of its authority when the Committee ignored the Board's standards of teacher conduct and adopted a different standard for teacher conduct during classroom "free time." Hubbard testified that during free time students are allowed to be more relaxed in their behavior and are not strictly required to follow his classroom rules of conduct. During the 10-minute free time period that is the subject of this appeal, Hubbard permitted the students to talk to each other, to move around the classroom, to say goodbye to a fellow classmate who was moving out of the school district, and to videotape a skit using that student as one of the participants.

We agree the Committee acted outside the scope of its authority when it adopted a different standard of conduct, which was apparently contrary to the Board's standards for teacher conduct. The Board's standards require a teacher to maintain control of his or her class at all times without any distinction being made between free time and regular class time. We conclude, however, the Committee did substantially act within the scope of its authority, and its distinction between free time and regular class time was simply tangential to its ultimate determination that the Board lacked good cause to terminate Hubbard.

The Board next argues the district court erred in finding that the Committee did not act fraudulently, arbitrarily, or capriciously and that the Committee's findings were supported by substantial evidence. The Board contends the Committee's findings are arbitrary because they are unsupported by the evidence.

The Board cites numerous examples of where it believes the Committee's decision is unsupported by substantial evidence. However, the examples cited deal with the weight and credibility the Committee gave certain evidence and witnesses. Neither the district court nor this court may reweigh the evidence and substitute its judgment for that of the Committee. See *City of Topeka v. Board of Shawnee County Comm'rs*, 252 Kan. 432, 446, 845 P.2d 663 (1993). Therefore, these examples do not establish that the Committee's findings are unsupported by the evidence, nor do they establish that the Committee arbitrarily disregarded any undisputed evidence.

Although the Board did present undisputed evidence of two prior incidents of Hubbard's lack of discipline of students on supervised bus trips, which occurred three years earlier, the Board failed to use these incidents as a basis for seeking his termination. Instead, the Board improperly sought to bolster its reasons for terminating him without ever including these incidents in its written notice of termination.

Because the Board failed to include these incidents in its written notice of termination to Hubbard and because it failed to supplement its reasons for termination as outlined in *Gillett*, the Committee, in its decision, properly gave no weight to these earlier incidents.

In summary, after hearing all of the evidence, the Committee determined the activities shown on the videotape were isolated and were not reflective of Hubbard's teaching ability. The Committee specifically stated: "We find from the entire record that Mr. Hubbard's classroom discipline does not suffer from a general lack of control and the March 23 tape was a brief, isolated event." Therefore, the Committee determined the Board's evidence failed to establish good cause to terminate him.

We conclude a due process hearing committee's purpose and role is to hear evidence and determine whether a school Board has carried its burden of proving a justification for termination. *Keller v. Board of Trustees of Coffeyville Community College*, 12 Kan. App. 2d 14, 15, 733 P.2d 830, *rev. denied* 241 Kan. 839 (1987). "Under the Kansas due process statute [K.S.A. 72-5436 *et seq*.], a tenured teacher may be terminated or nonrenewed only if good cause is shown." *Gillett*, 227 Kan. 71, Syl. ¶ 1. The committee's decision on the termination or nonrenewal of a tenured teacher's contract must be supported by substantial evidence. K.S.A. 72-5439(f).

Although this is a close case, we conclude the Committee's decision was supported by substantial evidence. The Committee determined that the activities shown on the videotape involved a single episode, which was of a very short duration, and under the circumstances did not justify Hubbard's termination. Further, we conclude the Committee did not act arbitrarily or capriciously in reaching its decision.

Affirmed.