The Honorable August Bogina, Jr. State Senator, Tenth District 5747 Richards Circle Shawnee, Kansas 66216
Dear Senator Bogina:
As senator for the tenth district you inquire whether the water transfer permit application submitted by water district no. 1 of Johnson county is subject to the legislative review requirement found in K.S.A.82a-1504(c) (Ensley 1989) prior to the statute's amendment in 1993.
You indicate that water district no. 1 of Johnson county (hereinafter district) sought to obtain water rights to withdraw 23,000 acre feet of water from the Missouri river. The water appropriation permit approval pursuant to the Kansas appropriation act, K.S.A. 82a-701 et seq. was conditioned upon the approval of a water transfer application pursuant to the Kansas water transfer act, K.S.A. 82a-5801 et seq. An initial order of approval was issued on June 15, 1992. Upon review by the Kansas water authority (KWA) more stringent water conservation measures were imposed by KWA as a condition of the water transfer approval. Litigation ensued, and the district court reversed KWA's final order dealing with the more stringent water conservation requirement. The Kansas natural resource council (KNRC,) an intervening party, appealed the decision. The Kansas Court of Appeals affirmed the district court's decision on January 1994.
During the pendency of the district's water transfer application and the judicial review therefrom, the water transfer act was amended, L. 1993, ch. 219, sec. 1, removing the legislative oversight provision giving the legislature the right to veto any water transfer by concurrent resolution, K.S.A. 82a-1504 (Ensley 1989). See Attorney General Opinion No. 91-12 (finding the legislative oversight provision providing disapproval by concurrent resolution violates the separation of powers doctrine and art. 2, sec. 14 of the Kansas constitution). Your question is whether the water transfer in question is subject to the legislative oversight required by the former statute.
Generally a statute operates prospectively unless its language clearly indicates the legislature intended it to operate retrospectively. Statev. Sylva, 248 Kan. 118 (1991). However if the statutory change does not affect substantive rights and is merely procedural in nature and is not prejudicial to the right of parties, it applies retroactively. State v.Sutherland, 248 Kan. 96, 106 (1991) citing State v. Hutchinson,228 Kan. 279, 287 (1980). When only the remedy or law of procedure is affected, all rights of action are enforceable under the new procedure without regard to whether the action accrued before or after the change and without regard to whether the suit has been instituted or not, unless there is a savings clause as to the existing legislation. In re Estate ofLaue, 225 Kan. 177, 188 (1979). Given that the legislation in question contains no savings clause, the issue becomes whether the applicable statutory change was substantive or procedural. In other words using the rules of statutory construction discussed, we must determine whether K.S.A. 1993 Supp. 82a-1504(c) eliminating the legislative oversight requirement is a procedural change.
Faced with similar facts in Olathe Community Hospital v. KansasCorporation Commission, 232 Kan. 161 (1982) the Kansas Supreme Court found that the amended statute providing for appeal to the district court rather than agency review involved procedural changes and thus applied the amended statute retrospectively. Olathe involved an action in mandamus filed by the Olathe community hospital as plaintiff seeking a determination of the applicable appeal statute in an appeal from an order granting the petitioner's request for a certificate of need pursuant to K.S.A. 65-4801 et seq. The hospital under the former statute was required to have agency review of the order by the Kansas department of health and environment before an appeal could be made to district court. The court sustained the writ of mandamus and ordered the Kansas corporation commission to dismiss, for lack of jurisdiction, the appeal proceeding instituted by the hospital. See e.g. Jackson v. American BestFreight System, Inc., 238 Kan. 323 (1985); Davis v. Hughes, 229 Kan. 91
(1981).
Similarly, in our judgment, the elimination of the legislative oversight provision found in K.S.A. 82a-1504(c) (Ensley 1989) involves a procedural change because it involves the machinery, mode or proceeding by which a legal right is enforced. See Jones v. Garrett, 192 Kan. 109
(1963) (defining "procedure"). In place of the procedures in K.S.A.82a-1504(c), the amended statute found in K.S.A. 1993 Supp. 82a-1504
requires the panel to review the hearing officer's order approving the water transfer and then issue a final order with no further review. See
1993 house bill no. 2070, sec. 5(b); L. 1993, ch. 219, sec. 5. Accordingly, it is our opinion that the procedural provisions of 1993 House bill No. 2070 should be applied retroactively and after the satisfaction of its substantive and procedural requirements the water transfer for Johnson county water district no. 1 should be approved by the chief engineer with a certificate of approval.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm