(228 P.3d 425)
No. 102,133

IN THE MATTER OF THE PATERNITY OF JESSICA J. JANZEN, an Adult, DOB \*\*/\*\*/1988, *Appellee*, v. KENNETH A. JANZEN, *Appellant*, and DIANA KAY WILLIAMS, *Defendant*.

—

Opinion filed April 15, 2010.

*Daniel L. Baldwin*, of Baldwin Law Office, of Marion, for appellant.

*Kristin Fisher Boyer*, of Boyer Law Offices, of McPherson, for appellee.

Before RULON, C.J., GREENE and HILL, JJ.

HILL, J.: In this appeal, we affirm the trial court's determination of paternity and child support award in this case of a recently emancipated young woman seeking judicial determination of her parentage. Because the Kansas Parentage Act allows a child to bring an action to determine a father-child relationship, despite any

agreement to the contrary between the presumed father and the child's mother, we hold the parents' divorce decree did not bar this action. Also, considering the genetic testing results and the lack of any evidence indicating paternity in another man, we affirm the trial court's finding of paternity. Finally, since no provision for child support was made in the parents' divorce case and the Parentage Act authorizes retroactive awards for child support, we uphold the district court's child support award.

*The parties do not dispute the facts.*

A few days after her 18th birthday, Jessica J. Janzen filed a petition in the Marion County District Court alleging Kenneth A. Janzen was her father. Using the Kansas Parentage Act, Jessica sought judicial determination of her parentage and a court order for support and reimbursement of expenses. Kenneth Janzen denied he was Jessica's father and, in turn, sought damages from her mother, Diana Kay Willliams, for misrepresenting that he was Jessica's father.

Jessica Janzen was born on October 20, 1988. Her mother is Diana Kay Williams (f/k/a Hamburger). When Jessica was born, Diana and Kenneth were married and Kenneth was listed as Jessica's father on her birth certificate. Then, in 1989, Kenneth and Diana divorced. They made a separation agreement which recited that Kenneth was not Jessica's father. We note in passing that both parents were represented by counsel and no guardian ad litem represented Jessica in the divorce. Ultimately, the district court approved their agreement and granted a divorce. (We also note that for some reason unknown to us, the parties have failed to include the divorce decree or separation agreement in the record on appeal. We presume the district court had access to these documents since the court quoted from them in its memorandum opinion.)

After Jessica's Parentage Act case commenced, the district court ordered genetic testing. The results of the testing indicated a 99.99% probability that Kenneth was Jessica J. Janzen's father. After hearing that, the court found Kenneth was Jessica's father. The court also decided that Kenneth had a duty to support her for the

period beginning when he separated from her mother in January 1989 until the time Jessica graduated from high school in June 2007. The district court decided to award Ms. Janzen $62,920 for support based on a calculation of $286 per month for each month during the entire period. On appeal, neither party challenges the amount of support awarded nor how it was computed. Therefore, questions arising from the award are not before us.

In his appeal, Kenneth Janzen makes two arguments. In his view, the finding of the district court in his divorce case that he was not Jessica's father rebutted the statutory presumption of paternity found in the Kansas Parentage Act, K.S.A. 38-1114. Also, he contends the finding in the divorce case that he was not Jessica's father was, in actuality, a support order finding that he owed no support to Jessica. This means, in his view, the court in the Parentage Act case was powerless to modify a prior support order after it has come due.

*This is a case arising from the Kansas Parentage Act, not a divorce case.*

The Kansas Parentage Act is found at K.S.A. 38-1110 *et seq.* Pertinent to this case is K.S.A. 38-1115, a law that gives general guidance about who may bring an action under the act:

"(a) A child or any person on behalf of such a child, may bring an action:
(1) At any time to determine the existence of a father and child relationship presumed under K.S.A. 38-1114 and amendments thereto . . . .
. . . .
"(d) Any agreement between an alleged or presumed father and the mother or child does not bar an action under this section."

Since Jessica was born while her parents were married, a statutory presumption found at K.S.A. 38-1114 comes into play. That law establishes the presumption of paternity and describes how it is to be applied and how it may be rebutted:

"(a) A man is presumed to be the father of a child if:
(1) The man and the child's mother are, or have been, married to each other and the child is born during the marriage . . . .
"(b) A presumption under this section may be rebutted only by clear and convincing evidence, by a court decree establishing paternity of the child by another man or as provided in subsection (c). If a presumption is rebutted, the party

alleging the existence of a father and child relationship shall have the burden of going forward with the evidence.

"(c) If two or more presumptions under this section arise which conflict with each other, the presumption which on the facts is founded on the weightier considerations of policy and logic, including the best interests of the child, shall control."

*We find no evidence in the record that rebuts the presumption that Kenneth Janzen is the father of Jessica Janzen.*

Basically, Kenneth Janzen waved his divorce decree before the district court in the paternity action contending it rebutted the statutory paternity presumption repeated above. Apparently, he contends that there must have been clear and convincing evidence before the court in 1989 when his divorce was granted and therefore the court in 2008, when the paternity action was tried, must consider the same evidence as clear and convincing in this case. We find this argument unpersuasive for two reasons. First, in the divorce case, mother and father apparently stipulated that Kenneth was not Jessica's father based on their stipulation agreement. Second, if *any* evidence was presented in the paternity action, it is not in the record. Without such a record, Kenneth Janzen's claim of error fails. See *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008).

Going further, we are not persuaded that the divorce decree rebuts the paternity presumption under K.S.A. 38-1114(b). While it is a court decree, it does not establish paternity in another man as it is set out in the statute. K.S.A. 38-1114(b). We must conclude the trial court properly ignored the 1989 divorce decree when deciding paternity here.

*The divorce decree was not an original support order.*

Kenneth Janzen argues the 1989 divorce decree finding he was not Jessica's father was, in reality, an original support order. Therefore, under the general rule, any subsequent support orders cannot modify amounts past due under the original order.

We have no quarrel with Kenneth Janzen's contention that past due support amounts in divorce cases cannot be retroactively modified. See *In re Marriage of Bunting*, 259 Kan. 404, 410, 912 P.2d

165 (1996). Where the court commented that K.S.A. 60-1610(a)(1) permitting child support modifications retroactive only to a month after the motion to modify was filed "codifies a longstanding common-law rule." 259 Kan. at 410.

Unfortunately, we cannot read the divorce decree in question because it was not included in the record on appeal. The appellant has the burden to designate a record sufficient to establish the claimed error and Kenneth Janzen has failed in this regard. The district court in its memorandum opinion did quote from the decree but made no mention of support. Why would it? We assume the decree was silent about support and therefore could not be considered an original support order. It seems clear that the divorce decree merely put Jessica in a position equivalent to one born out of wedlock.

But we must now state the obvious. This is not a divorce case. It is a paternity action governed by the Parentage Act. Jessica can maintain this action despite the divorce decree and separation agreement. In the case *In re Marriage of Ross*, 13 Kan. App. 2d 402, 772 P.2d 278 (1989), *aff'd in part and rev'd in part on other grounds* 245 Kan. 591, 783 P.2d 331 (1989), this court held an action to determine paternity brought by a guardian ad litem for a child in a divorce case could continue since the child was not a party to the divorce and was not given a full and fair opportunity to litigate the issue of paternity. 13 Kan. App. 2d at 408. The Supreme Court reversed another part of the *Ross* decision but specifically affirmed this holding. 245 Kan. at 592.

Obviously, Jessica was not a party to her parents' divorce so res judicata does not bar her from bringing this action. But more importantly the Parentage Act itself says she is not constrained by the agreement of her mother and father. See K.S.A. 38-1115(d).

*Retroactive support orders are permissible in this context.*

Because this is an action under the Kansas Parentage Act, the cases dealing with support orders and their modification in divorce cases are irrelevant. The most notable difference between divorce support orders and support orders in Parentage Act cases is that

the Parentage Act permits retroactive awards of support that are prohibited in divorce cases. K.S.A. 38-1121 provides:

"(e) In entering an original order for support of a child under this section, the court may award an additional judgment to reimburse the expenses of support and education of the child from the date of birth to the date the order is entered. If the determination of paternity is based upon a presumption arising under K.S.A. 38-1114 and amendments thereto, the court shall award an additional judgment to reimburse all or part of the expenses of support and education of the child from at least the date the presumption first arose to the date the order is entered, except that no additional judgment need be awarded for amounts accrued under a previous order for the child's support."

Such retroactive awards have been upheld. See *Skillett v. Sierra*, 30 Kan. App. 2d, 1041, 53 P.3d 1234, *rev. denied* 275 Kan. 965 (2002), and *In re Parentage of Shade*, 34 Kan. App. 2d 895, 903, 126 P.3d 445, *rev. denied* 281 Kan. 1378 (2006).

Finally, because we have ruled the divorce decree was not an original support order, the holding cited by Kenneth Janzen in *Harder v. Towns*, 1 Kan. App. 2d 667, 573 P.2d 625 (1977), *rev. denied* 225 Kan. 844 (1978), is inapplicable here. In *Harder*, a panel of this court ruled an attempt by the SRS to recover support from a parent where a court had approved an agreement that the father need not pay support was an impermissible collateral attack on a judgment. 1 Kan. App. 2d at 670. In this case, Jessica Janzen is not arguing an order is invalid, she is, instead, bringing an independent action permitted by law.

In conclusion, we hold that the trial court properly determined Kenneth Janzen was the father of Jessica Janzen. We also affirm the court's award of support.

Affirmed.